U.S. District Court
No. 84-408

RICHARD J. LAKIN AND BRENDA LAKIN

v.

DANIEL MARR & SON CO.

July 3, 1985

*Upton, Sanders & Smith,* of Concord (*Ernest T. Smith, III,* on the brief and orally), for the plaintiff.

*Devine, Millimet, Stahl & Branch,* of Manchester (*Eileen Fox* on the brief and orally), for the defendant.

SOUTER, J. The United States District Court for the District of New Hampshire (*Loughlin,* J.) has certified the following question for our consideration under Supreme Court Rule 34: "Is a workmen's compensation carrier entitled to the recovery of interest on its lien on damages recovered by the injured employee against a liable third person?" We answer no.

The plaintiff was an employee of Pullman Higgins Company working at the Seabrook nuclear power plant, where he was injured by an employee of the defendant on August 20, 1979. Commercial Union Insurance Company was both the workers' compensation carrier for Pullman and the liability carrier for the defendant. As Pullman's workers' compensation carrier, Commercial Union paid the plaintiff a total of $65,006.17 in weekly, medical and lump sum benefits under RSA chapter 281 (1977 and Supp. 1983).

The plaintiff and his wife brought this negligence action against the defendant in the United States District Court, and on May 31, 1983, a jury returned a verdict for $230,000 for the plaintiff and $74,250 for his wife. On the defendant's appeal, the court of appeals affirmed the district court judgment, subject to an appellate remittitur of $18,900. On June 12, 1984, the district court ordered that Commercial Union pay the judgment, in its capacity as defendant's liability carrier, after deducting its net lien on the judgment for sums it had paid as Pullman's compensation carrier. *See* RSA 281:14 (Supp. 1983). The district court computed the lien as the amount of benefits paid, less the compensation carrier's pro rata share of the costs and expenses of the action, including attorney's fees. *See* RSA 281:14, IV. Commercial Union claimed that its lien should include a charge for pre- and post-verdict interest on the amount of the benefits paid. This claim raised an issue of first impression in this jurisdiction and prompted the certified question before us.

 In responding to the question, we follow a general canon for interpreting RSA chapter 281 that we have stated often, that the workers' compensation acts create "rights, remedies and procedures all their own," and that the statutes that create such rights "meas-

ure them" as well. *Hagerty v. Great American Ind. Co.*, 106 N.H. 425, 427, 213 A.2d 424, 425 (1965). The statute "contains long, detailed and meticulous definitions of . . . rights," *Hanchett v. Brezner Tanning Co.*, 107 N.H. 236, 240, 221 A.2d 246, 249 (1966), and we cannot "read words into [the statute] which the legislature did not see fit to insert." *Gregory v. State*, 117 N.H. 62, 63, 369 A.2d 181, 181–82 (1977).

██ Given this standard, the dispositive fact in this case is that the statute makes no provision for interest on the amount of a compensation carrier's lien, either expressly or by reasonable implication.

RSA 281:14, I (Supp. 1983) provides that:

> "When an injury for which compensation is payable under the provisions of this chapter has been sustained under circumstances creating in some person other than a person against whom action has been barred under RSA 281:12, a legal liability to pay damages in respect thereto, the injured employee, in addition to the benefits of this chapter, may obtain damages from or proceed at law against such other person to recover damages; provided, however, that the employer, or the employer's insurance carrier, shall have a lien on the amount of damages recovered by the employee, less the expenses and costs of action, *to the extent of the compensation, medical, hospital or other remedial care* already paid, or agreed or awarded to be paid by the employer, or the employer's insurance carrier, under this chapter, *less the employer's or the employer's insurance carrier's, pro rata share of expenses and costs of action as determined in paragraph IV hereof.*"

(Emphasis added.)

Neither the language emphasized above nor any other provision of the chapter provides that the compensation carrier shall have any lien for interest. Moreover, the legislature's silence on the matter of interest for lienholders is probably not inadvertent. There is a twenty-year history of litigation and legislation culminating in the present RSA 281:37-a, I (Supp. 1983). This statute provides for interest to a claimant on the contested portion of any workers' compensation award appealed to the superior or supreme courts. *See generally, Latour v. Producers Dairy*, 102 N.H. 5, 8, 148 A.2d 655, 658 (1959) (no right to counsel fees and interest under RSA chapter 281); *Hanchett v. Brezner Tanning Co.*, 107 N.H. at 241, 221 A.2d at 249 (no right to interest under RSA chapter 524); Laws 1963, 293:1;

Laws 1967, 407:1; Laws 1969, 187:1. Despite this history of legislative consideration of interest in the context of the workers' compensation act, the legislature has enacted no provision for interest payable to a carrier who recovers benefits by means of a lien on the proceeds of a later third-party judgment. The legislature certainly knows how to deal with interest in this area, and we therefore cannot infer that it was through mere inadvertence that it failed to provide for the interest that Commercial Union seeks.

Rather, the lack of any such provision is consistent with a careful reading of the basic provision for the statutory lien as contained in RSA 281:14, I (Supp. 1983), quoted above. The lien does not attach to a mere right of action against a third party, or even to a third-party judgment. It is a lien on "the amount of damages recovered" in the third-party action. RSA 281:14, I (Supp. 1983). It does not apply until the injured plaintiff actually receives damages to which he has been adjudged entitled. Thus, until the verdict is about to be paid there is nothing due to the carrier, and nothing that could be withheld and upon which interest could run. See *Kirk v. Walter E. Deuchler Associates*, 96 Ill. App. 3d 99, 420 N.E.2d 1124 (1981) (no interest under statute providing lien on third-party judgment "obtained and paid").

Even if we were to disregard our longstanding rule construing the statute as self-contained, Commercial Union would fare no better. RSA 524:1-b, the general statute providing interest on judgments, is inapplicable to the lien. See *Hanchett v. Brezner Tanning Co. supra.* That statute provides for interest on an award for "pecuniary damages . . . from the date of the writ or the filing of the petition" upon which the verdict or finding of damages is rendered. The lien provided by RSA 281:14, I (Supp. 1983), however, is not,-and is not described as, an award of "damages"; nor must the compensation carrier depend upon a petition or writ in asserting its lien. We therefore see no applicability of RSA 524:1-b.

As against these considerations, Commercial Union has emphasized some authority from other jurisdictions for the general argument that it would be unjust to deprive the compensation carrier of interest on the money it has paid out. We find the authority from other jurisdictions of limited value. The rationale for allowing interest in *Breaux v. Roy Young, Inc.*, 397 So. 2d 1384 (La. App. 3d Cir. 1981) is not clear, and none of the cases supports more than postverdict interest. See *Becker v. Huss Co.*, 43 N.Y.2d 527, 373 N.E.2d 1205, 402 N.Y.S.2d 980 (1978); *Fireman's Fund Indemnity Co. v. Batts*, 11 N.J. Super. 242, 78 A.2d 293 (1951). See also 2A A. LARSON, THE LAW OF WORKMEN'S COMPENSATION § 74.32(d) (1983). They do not, therefore, support the broad principle that Commercial

734

Union espouses in seeking interest from the date of the third-party writ.

Indeed, it is questionable whether Commercial Union is even in a position to invoke the general principle that interest is awarded to compensate for the loss of the use of the money. The terms on which a workers' compensation carrier may conduct business and charge premium rates are all subject to regulation under State statute. *See* RSA 412:8–:13. In passing on the propriety of the carrier's premium rates, the insurance commissioner may consider the fact that RSA chapter 281 allows the company no interest on benefits recaptured under the lien of RSA 281:14, I (Supp. 1983).

Therefore, to the extent that there may be anything "unfair" about the failure of RSA chapter 281 to provide such interest, that unfairness may be addressed in setting the appropriate premiums under RSA 412:8–:12. Whatever a carrier can be said to lose under the one statute, it has the opportunity to gain under the other, with the ultimate result of obtaining premium income that is "just and reasonable and adequate for the risks" against which the carrier insures. RSA 412:8. Needless to say, if the legislature should decide that it would be preferable to broaden the carrier's lien to include interest, in order to lessen the potential burden of premium rates, RSA chapter 281 may be amended accordingly.

*Remanded.*

DOUGLAS, J., did not sit; the others concurred.