Rockingham
No. 88-097

## PAULINE F. THONE & a.

### v.

## LIBERTY MUTUAL INSURANCE COMPANY

July 28, 1988

*Cullity, Kelley & McDowell*, of Manchester (*Joseph F. McDowell, III*, and *Sean P. Gill* on the brief, and *Mr. McDowell* orally), for the plaintiffs, Pauline F. Thone, Administratrix, Shirley Souther, Administratrix, and Judith Prior, Executrix.

*James S. Yakovakis P.A.*, of Manchester (*James S. Yakovakis* and *James G. Walker* on the brief, and *Mr. Walker* orally), for the defendant, Liberty Mutual Insurance Company.

BATCHELDER, J. The plaintiffs, who are two administratrices and an executrix of the estates of three former employees of the Rockingham Fireworks Corporation (Rockingham Fireworks), brought negligence actions against the employer's workers' compensation insurance carrier, the defendant Liberty Mutual Insurance Company (Liberty Mutual). The Trial Court (*Manias*, J.) determined that RSA 281:12, I (which provides in pertinent part that "an employee of an employer . . . shall be conclusively presumed . . . to have waived all rights of action whether at common law or by statute or otherwise . . . [a]gainst the employer or the employer's insurance carrier") bars such actions against employers' workers' compensation insurance carriers, and granted the defendant's motion to dismiss. The issue on appeal is whether the statute violates the plaintiffs' due process and equal protection rights as provided under part I, article 14 of the New Hampshire Constitution. We affirm.

This appeal arises out of the same event described in *Thone v. Cairo*, 130 N.H. 157, 158, 536 A.2d 183, 184 (1987). Briefly, the plaintiffs' decedents were killed by an explosion of tremendous force while working on the premises of Rockingham Fireworks. At the time of the accident, the defendant Liberty Mutual had been the workers' compensation insurance carrier for Rockingham Fireworks for over 10 years. The defendant had made periodic inspections of the plant over the years. Rockingham Fireworks' policy explicitly stated that the inspections were not made for the benefit of the employees.

After the accident, the plaintiffs filed negligence actions against Liberty Mutual in which they asserted, among other things, that by regularly inspecting the Rockingham Fireworks premises, Liberty Mutual had assumed the duty to inspect the premises; that the defendant failed to warn the plaintiffs of known hazards; and that, as a result of its negligent breach of duty, an explosion occurred, which caused the deaths of the plaintiffs' decedents.

Liberty Mutual responded to the pleadings by filing motions to dismiss, in which the defendant asserted that RSA 281:12 bars the plaintiffs' actions. The plaintiffs objected to the motions to dismiss on the ground that RSA 281:12, I, is unconstitutional because it denies the plaintiffs' rights to equal protection and due process by taking away the common law right to sue the employer's insurer

without providing an adequate substitute remedy for the victim. *See Estabrook v. American Hoist and Derrick, Inc.*, 127 N.H. 162, 498 A.2d 741 (1985); *Park v. Rockwell Int'l Corp.*, 121 N.H. 894, 436 A.2d 1136 (1981).

Although the trial court addressed the plaintiffs' due process argument on the inadequacy of the remedy by concluding that the RSA 281:12, I, waiver was constitutionally ·permissible, it did not address the second issue pertaining to the equal protection claim. The plaintiffs filed a motion for reconsideration, and specifically noted that the trial court did not address the equal protection challenge. The trial court denied the motion.

On appeal, the plaintiffs present the same constitutional challenges they made before the trial court: (1) whether RSA 281:12, I, deprives the plaintiffs of their constitutional right to a remedy without due process of law because it bars the plaintiffs from bringing any actions against the employer's insurance carrier, a recognized common law right, without providing an adequate substitute remedy; and (2) whether the estates of employees who die without dependents are deprived of the equal protection of the laws because the provision of the workers' compensation law extinguishes a wrongful death action against a negligent insurance carrier without providing benefits to the estates other than payment of funeral expenses.

We need not address the second issue because the plaintiffs have failed to present a record adequate to decide the issue raised. In their briefs, the plaintiffs refer to supplemental pleadings in which plaintiffs Thone and Souther waived their workers' compensation benefits. The record does not indicate that such pleadings were presented for the trial court's consideration, nor does the record indicate that the defendant objected to the pleadings. Without an adequate record to support arguments raised before us, we cannot resolve the issue.

In support of their argument that RSA 281:12, I, is unconstitutional under the due process clause of the New Hampshire Constitution, the plaintiffs rely on the *Estabrook* analysis for considering whether the legislature provided an adequate substitute remedy for the elimination of a right of action at common law. The plaintiffs concede that this court has modified *Estabrook* in *Young v. Prevue Products, Inc.*, 130 N.H. 84, 534 A.2d 714 (1987), but they argue that the modification does not apply to their cases. The plaintiffs contend that *Young* is distinguishable from their cases because in *Young*, the challenged provision of the workers' compensation law eliminated a cause of action that was created

after the workers' compensation law was originally enacted, namely, consortium actions, whereas in their case, the right to bring negligence actions against the employer's insurer existed at common law. The plaintiffs misinterpret *Young*.

In *Estabrook*, this court held that "the statutory abrogation of [the common law right to sue fellow employees] will satisfy due process only if it provides a *quid pro quo* or an adequate substitute for that right." 127 N.H. at 172, 498 A.2d at 747. Moreover, the opinion provided an analysis for determining whether an adequate substitute must be made at the time the common law right is abolished, or whether an adequate substitute is provided by the workers' compensation law as a whole because of the "substantial and fundamental relationship between the rights affected under [the amendment and the act]." *Estabrook*, 127 N.H. at 173, 498 A.2d at 747.

■ The issue in *Young*, as in this case, turned on the appropriate analysis for determining whether an adequate substitute remedy has been provided by the legislature in place of an abolished statutory or common law right. In *Young*, we determined that the *Estabrook* analysis was unworkable, because under that analysis, any amendment abolishing a common law or statutory right would always require a contemporaneous amendment providing a substitute remedy. *Young*, 130 N.H. at 88, 534 A.2d at 717. Such a requirement "could result in unfairness and lead to anomalous results where the purpose of the deprivation is to restore the balance of the general *quid pro quo*." *Young*, 130 N.H. at 88, 534 A.2d at 717. Accordingly, in *Young*, we overruled *Estabrook* "to the extent that the holding . . . may be interpreted as requiring that a restrictive amendment to the workers' compensation law must be supported by a contemporaneously enacted provision for a new benefit . . . ." *Id*. Therefore, the appropriate analysis for determining whether an adequate substitute has been provided is to look at the workers' compensation law in its entirety.

■ Upon review of the general purpose of the workers' compensation law, we conclude that it provides an adequate *quid pro quo* for the elimination of the right of action against the employer's workers' compensation carrier. In *Mulhall v. Company*, 80 N.H. 194, 196, 115 A. 449, 451 (1921), the court explained why the workers' compensation provisions were enacted by the New Hampshire legislature in 1911.

"These statutes have been enacted in response to public sentiment and beliefs, widely prevalent, that the burdens, delays, inadequate relief and unequal operation of the common-law remedies as applied to industrial accidents rendered them unsuited to modern conditions. The evils of the common-law remedies which were not noticeable in the days of small and scattered shops, few employees and simple tools, became intolerable in the days of crowded factories, equipped with complicated and dangerous machinery."

The workers' compensation law was enacted to provide employees with "certainty of relief" and to abolish "the evils of the common-law remedies." *Id.* at 196–200, 115 A. at 451–54. In place of the common law remedies, the workers' compensation law creates a balance of benefits and limitations between the employer and employee. In return for limited compensation, the employee or the estate of the employee no longer bears the cost of litigation, delays and uncertainty. While the employer must assume the risk of employees' injuries without the benefit of common law defenses, the workers' compensation law limits the extent of liability.

When the provisions of RSA 281:12 were originally enacted by Laws 1947, 266:1, they did not explicitly provide immunity to the insurance carrier. In 1960, this court held that the plaintiff may bring a claim against the employer's insurance carrier for negligent inspection under the workers' compensation law. *Smith v. American Employers Ins. Co.*, 102 N.H. 530, 163 A.2d 564 (1960). However, the court also recognized that the holding could produce "undesirable results," and noted that "such a question of policy is for the [l]egislature." *Id.* at 534, 163 A.2d at 568.

In 1961, the legislature addressed the question of whether an employee could bring common law actions against the employer's insurance carrier by amending the 1947 statute to provide immunity to the insurance carrier. According to the applicable Senate Journal, the amendment was a clarification of, rather than a change in, the existing workers' compensation law; "paragraph 1 *clarifies the original intent* of the law to provide, that for the purposes of employer liability, the employer and employer's insurance carrier are one and the same." N.H.S. Jour. 636–37 (1961) (emphasis added).

 By treating the employer and the employer's insurance carrier as the same with respect to liability, the legislature was able to maintain the balance in the workers' compensation law to

provide immediate benefits to employees and to distribute the burden of limited liability to their employers. Because the workers' compensation law provides an adequate substitute remedy for the plaintiffs' common law action against the insurance carrier, we hold that RSA 281:12 does not violate the plaintiffs' due process rights.

*Affirmed.*

All concurred.