**Robert J. HUSSON, Director of the Division of Labor, Colorado Department of Labor and Employment, Plaintiff–Appellant,**

v.

**Galen MEEKER, Defendant–Appellee.**

No. 90CA295.

Colorado Court of Appeals,
Div. V.

May 23, 1991.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Jill M.M. Gallett, Asst. Atty. Gen., Denver, for plaintiff-appellant.

Pryor, Carney & Johnson, P.C., Elaine A. Menter, Richard V. Hess, Englewood, for defendant-appellee.

Opinion by Judge DAVIDSON.

The Colorado Major Medical Insurance Fund, which no longer accepts claims, was formed for employees who had established entitlement to disability benefits and whose medical expenses exceeded $20,000. Section 8–46–202(1), C.R.S. (1990 Cum.Supp.). Plaintiff, the director of the Division of Labor, is responsible for the administration of the Fund and is authorized to sue in connection with any matters concerning it. Section 8–46–202(2), C.R.S. (1990 Cum. Supp.). After defendant, Galen Meeker (claimant), reimbursed the Fund $91,570.15 for workers' compensation benefits paid to him pursuant to a subrogation agreement, plaintiff filed suit to recover interest on that sum. Plaintiff now appeals from a summary judgment entered in favor of claimant.

■ The single issue raised in this appeal is whether a workers' compensation insurer, here the Fund, which has been repaid to the limit of its liability can recover prejudgment interest pursuant to § 5–12–102(1)(b), C.R.S. (1990 Cum.Supp.) on monies wrongfully withheld and ultimately paid to it by claimant under a subrogation agreement entered into pursuant to the Workers' Compensation Act. We agree with the trial court that it cannot, and therefore affirm.

Claimant was injured in 1981 and elected to receive benefits under the Workers' Compensation Act. Pursuant to § 8–52–108, C.R.S. (1986 Repl.Vol. 3B) (now codified at § 8–41–203, C.R.S. (1990 Cum.Supp.)), this election operated as an assignment to the insurer, the Fund, of any cause of action the claimant may have against third parties up the limits of the insurer's liability.

In November 1982, claimant entered into a subrogation agreement with plaintiff in accordance with § 8–52–108, C.R.S. (1986 Repl.Vol. 3B). The agreement provided that the Fund would continue to pay medical and other benefits to claimant on the condition that, in the event he recovered against a third-party for his injury, the claimant "shall pay out of such recovery a sum equal to [the Fund's] liability."

Claimant then brought a third-party action against the manufacturer of the equipment that allegedly caused his injuries, and he ultimately settled that case without the Fund's consent, in breach of the subrogation agreement which required the agreement of the insurer before settlement. Consequently, pursuant to *In re Death of Peterkin*, 729 P.2d 977 (Colo.1986), plaintiff issued orders suspending further medical benefits to claimant and ordering payment by claimant of a net sum, after attorney fees, of $91,570.15.

In September 1987, after unsuccessful administrative reviews and an appeal to this court, *Meeker v. Derr of Colorado, Inc.*, (Colo.App.No. 86CA0878, June 18, 1987) (not selected for official publication), claimant paid $91,570.15 to the Fund from the proceeds of the settlement of the third-party action.

Plaintiff then demanded that claimant pay interest on $91,570.15 from April 22, 1985, the date that claimant received the principal from the third-party, to the date of payment to the Fund on September 14, 1987, and ultimately filed suit for recovery of that amount. On cross-motions for summary judgment, the trial court determined that despite the fact that claimant had breached the subrogation agreement, the Fund had been paid the amount of its liability in accordance with § 8–52–108(1), C.R.S. (1986 Repl.Vol. 3B) and the subrogation agreement and, therefore, was barred from any further recovery including prejudgment interest. Accordingly, it denied plaintiff's claim.

Plaintiff's contention on appeal is that the Fund is entitled to prejudgment interest. Specifically, he argues that pursuant to § 5–12–102(1)(b), C.R.S. (1990 Cum. Supp.), as a non-breaching party, the Fund is permitted to recover prejudgment interest of eight-percent annually from the time of the breach.

In general, the recovery of prejudgment interest is governed by § 5–12–102(1)(b), C.R.S. (1990 Cum.Supp.) which provides for the payment of interest for money "wrongfully withheld or after [it becomes] due to the date of payment. . . ." We agree with plaintiff that because the Fund is the non-breaching party, it otherwise would be entitled to interest for claimant's breach of the subrogation agreement. *Mesa Sand & Gravel Co. v. Landfill, Inc.*, 776 P.2d 362 (Colo.1989). However, § 8–52–108(1), C.R.S. (1986 Repl.Vol. 3B) provides, in pertinent part, that an insurance carrier "shall not be entitled to recover any sum in excess of the amount of compensation for which said carrier is liable."

Here, the trial court reasoned that the Fund was liable for $91,570.15, was paid that amount, and, according to the unambiguous language of the statute, was entitled to no more. We agree.

In construing a statute, words and phrases must be given effect according to their plain and ordinary meaning. *People v. District Court*, 713 P.2d 918 (Colo. 1986). A statute free from ambiguity leaves no room for interpretation or construction. *Goldy v. Crane*, 167 Colo. 44, 445 P.2d 212 (1968).

In our view, the statute is clear. The term "shall" is presumptively mandatory, *Williams Natural Gas Co. v. Mesa Operating Limited Partnership*, 778 P.2d 309 (Colo.App.1989), and the words "any sum" necessarily includes interest that otherwise might be recoverable by the insurance carrier. *See Winslow v. Morgan County Commissioners*, 697 P.2d 1141 (Colo.App. 1985) (the adjective "any" when used in a statute is generally interpreted to mean "all"). Thus, the plain terms of the subrogation statute limit the insurer's right to recovery to that amount which it paid to the injured employee. *See Zukowski v. Howard Needles Tammen & Bergendoff*, (No. 85 JC–2690) (D.Colo. June 7, 1989)

("[Section 8–52–108] is clear and unambiguous. Recovery is limited to the carrier's liability.").

We find it significant that there is no provision in § 8–52–108 for interest either expressly or by reasonable implication, *see Kraus v. Artcraft Sign Co.*, 710 P.2d 480 (Colo.1985) ("We have uniformly held that a court should not read nonexistent provisions into the [Worker's] Compensation Act."), but that the Act does provide for payment of interest to an injured *employee* who is not promptly paid. Section 8–52–109(2), C.R.S. (1986 Repl.Vol. 3B). "The legislature certainly knows how to deal with interest in this area, and we therefore cannot infer that it was through mere inadvertence that it failed to provide for the interest that [the insurer] seeks." *Lakin v. Daniel Marr & Son Co.*, 126 N.H. 730, 495 A.2d 1299 (1985) (construing similar provisions of the New Hampshire Workers' Compensation Act).

Accordingly, we determine that the intent of the general assembly was to place a cap on the amount recoverable by an insurance carrier under a subrogation claim. Contrary to plaintiff's contention, as the more specific statute, § 8–52–108 prevails as an exception to § 5–12–102, which is a statute of broader scope. Section 2–4–205, C.R.S. (1980 Repl.Vol. 1B); *Fuhrer v. Department of Motor Vehicles*, 197 Colo. 325, 592 P.2d 402 (1979).

Thus, the trial court correctly concluded that the terms of the subrogation agreement were satisfied and that no further recovery to the Fund is allowed. "This result [may] be somewhat harsh, but that is a matter for the Colorado legislature to change and not [this] court." *Zukowski v. Howard Needles Tammen & Bergendoff, supra.*

Judgment affirmed.

JONES and NEY, JJ., concur.