Hillsborough
No. 90-388

RAY CARTER, ADMINISTRATOR OF
THE ESTATE OF WILLIAM A. TEICHMAN

v.

LIBERTY MUTUAL FIRE INSURANCE COMPANY

March 25, 1992

*Spaloss and Rosson*, of Nashua (*Henry F. Spaloss* on the brief and orally), for the plaintiffs.

*Kelliher & Clougherty* and *Elizabeth Cazden*, of Manchester (*Thomas W. Kelliher* and *Ms. Cazden* on the brief, and *Mr. Kelliher* orally), for the defendant.

*Devine, Millimet & Branch P.A.*, of Manchester (*Douglas N. Steere* on the brief, and *Andrew D. Johnstone* orally), for the intervenor, Fireman's Fund Insurance Company.

HORTON, J.   The administrator of the estate of William Teichman appeals the decision of the Superior Court *(Murphy,* J.) that Fireman's Fund Insurance Company (Fireman's Fund), Teichman's workers' compensation carrier, has a valid lien on the proceeds received under the uninsured motorist coverage provision of Teichman's automobile policy with the defendant, Liberty Mutual Fire Insurance Company (Liberty Mutual). For the reasons that follow, we affirm.

Teichman, a police officer for the Town of Hudson, was directing traffic on November 8, 1983, when he was struck by an automobile operated by Leonard Budd. Budd had been following a vehicle operated by Gabriele Dollet. When Dollet stopped her vehicle, Budd passed Dollet's vehicle and hit Teichman.

Teichman sued both Budd and Dollet, each of whom had liability coverage under their respective automobile policies of $50,000. Budd's insurance carrier agreed to settle for its policy limit, but the carrier became insolvent before payment was made. Teichman's case against Dollet is still pending.

At the time of the accident, Teichman was insured under a family automobile policy issued by Liberty Mutual, which contained an uninsured motorist endorsement in the amount of $100,000. As a result of the accident, Teichman collected workers' compensation benefits from Fireman's Fund in the amount of $55,080.53. The effect of these payments on Teichman's total recovery is at issue here.

Teichman's claim against Liberty Mutual under the uninsured motorist provision was arbitrated on August 21, 1989. The arbitrator

awarded Teichman the full amount of uninsured motorist coverage under the policy, *i.e.*, $100,000, less whatever credit might be received from the resolution of the Dollet case. At a subsequent hearing concerning taxation of costs, the trial court ruled that "Liberty is ordered to pay $50,000.00 immediately and an additional $50,000.00 less the operative credit at the time of the resolution of the claim against Dollet. Said sums being subject to a lien by the [insured's] worker's compensation carrier."

Liberty Mutual has tendered a check in the amount of $50,000 made payable jointly to Teichman and Fireman's Fund. Teichman, however, rejected the attempted payment, maintaining that Fireman's Fund does not have a lien on the proceeds and, therefore, that the check should have been payable to him alone. This appeal followed.

Teichman first argues that Fireman's Fund does not have a valid lien on the benefits of his uninsured motorist coverage, because the 1985 amendment to RSA 281:14, I (currently codified at RSA 281-A:13 (Supp. 1991)), which expressly permits a lien against uninsured motorist proceeds, cannot be applied retrospectively to an accident that occurred in 1983. The defendant contends that the 1983 statute permitted this lien. We need not consider the defendant's response, however, because we hold that application of the 1985 amendment is not retrospective.

■ We have previously discussed the nature of a workers' compensation carrier's lien on damages recovered by an injured employee and the operative event which triggers its application. In *Lakin v. Daniel Marr & Son Co.*, 126 N.H. 730, 495 A.2d 1299 (1985) we noted:

> "The lien does not attach to a mere right of action against a third party, or even to a third-party judgment. It is a lien on 'the amount of damages recovered' in the third-party action. RSA 281:14, I (Supp. 1983). It does not apply until the injured plaintiff actually receives damages to which he has been adjudged entitled. Thus, until the verdict is about to be paid there is nothing due to the carrier, and nothing that could be withheld and upon which interest could run."

*Id.* at 733, 495 A.2d at 1302; *see also Moores v. Greenberg*, 834 F.2d 1105, 1113 (1st Cir. 1987) (lien had no life of its own and "died of natural causes" when third parties were exonerated). Because the lien has no vitality unless and until damages are actually recovered, the statute in effect on the date of the recovery of those damages should govern the lien's validity.

■ In this case, the operative statute, RSA 281:14, I, permits the attachment of a lien to "the amount of damages or benefits recovered" under "a contractual obligation to pay benefits under the uninsured motorist provisions of any motor vehicle policy." Based on the principle "that the injured work[er] should not be allowed to keep the entire amount of both his [or her] compensation award and his [or her] common law recovery which would amount to a double recovery," *Bilodeau v. Oliver Stores, Inc.*, 116 N.H. 83, 87, 352 A.2d 741, 744 (1976) (citation omitted), we hold that Fireman's Fund, which provided workers' compensation benefits to Teichman, has a statutory lien on Teichman's uninsured motorist recovery.

■■ Teichman also raises the following question in his notice of appeal: "Given the judgement [*sic*] against Budd in an amount equal to the [uninsured motorist] coverage does Liberty Mutual retain the right of consent to settlement of the case against Dollet?" In its order of April 4, 1990, the trial court did not resolve this issue. Consequently, it is not ripe for appellate review. *See N.H. Munic. Trust Workers' Comp. Fund v. Flynn, Comm'r*, 133 N.H. 17, 26, 573 A.2d 439, 445 (1990). We also note that Teichman's "discussion" of this issue in his brief and at oral argument actually addressed whether he had to resolve the case against Dollet before receiving the full $100,000 from Liberty Mutual. However, Teichman failed to raise this issue in his notice of appeal and, therefore, we will not consider it. *Dombrowski v. Dombrowski*, 131 N.H. 654, 662, 559 A.2d 828, 833 (1989).

*Affirmed.*

All concurred.