Hillsborough-southern judicial district
No. 93-560

## MICHAEL ROONEY

v.

## FIREMAN'S FUND INSURANCE COMPANY

July 6, 1994

*McDonough & O'Shaughnessy, P.A.*, of Manchester (*Robert J. Meagher* on the brief and orally), for the plaintiff.

*Devine & Nyquist*, of Manchester (*Merrick C. Weinstein* on the brief and orally), for the defendant.

THAYER, J.   The plaintiff, Michael Rooney, appeals the decision of the Superior Court (*Hampsey*, J.) that the defendant, Fireman's Fund Insurance Company (Fireman's Fund), has a valid workers' compensation lien on proceeds received under the uninsured motorist provision of Rooney's automobile insurance. We affirm.

On September 23, 1988, Rooney was involved in a work-related automobile accident. As a result of the accident, Rooney collected approximately $100,000 in workers' compensation benefits under a policy issued by Fireman's Fund to Rooney's employer, Rooney Enterprises.

At the time of the accident, Rooney was a named insured, along with Rooney Enterprises, under an automobile policy issued by Merchants Mutual Insurance Group (Merchants), which contained a $500,000 uninsured motorist endorsement. After settling with the tortfeasor's insurance carrier in 1990 for $25,000, Rooney pursued an uninsured motorist claim against Merchants and separately filed a petition for declaratory judgment to determine whether Fireman's Fund would be entitled to a lien against any uninsured motorist benefits he might receive. On the uninsured motorist claim, Rooney was awarded $225,000, less the $25,000 collected from the tortfeasor's insurance carrier. Thereafter, the trial court granted summary judgment to Fireman's Fund on the question of the lien. This appeal followed.

Rooney first argues that Fireman's Fund does not have a valid lien on the benefits of his uninsured motorist coverage because the workers' compensation insurance agreement between Rooney and Fireman's Fund contains no plain language that would support such a lien. We need not engage in an interpretation of the policy language at issue, however, because, as we have consistently held, the rights and remedies of parties under the workers' compensation law, RSA ch. 281-A (Supp. 1993), "are purely statutory. The nature and extent of compensation to the injured employee as well as the

extent and manner by which a compensation payor can be reimbursed is governed by the express statutory language and that which can be fairly implied therefrom." *Bilodeau v. Oliver Stores, Inc.*, 116 N.H. 83, 87, 352 A.2d 741, 744 (1976) (citation omitted); *see also Lakin v. Daniel Marr & Son Co.*, 126 N.H. 730, 731–32, 495 A.2d 1299, 1301 (1985). Thus, even if Fireman's Fund had neglected to include expressly in its policy its right to assert a lien against Rooney's uninsured motorist benefits, its right to assert such a lien would nevertheless be governed and protected by an applicable workers' compensation statute. *Cf. Lakin*, 126 N.H. at 731–32, 495 A.2d at 1301 (workers' compensation acts create rights all their own).

■ The statute applicable to this case, RSA 281-A:13, I (Supp. 1993), provides that the workers' compensation insurance carrier "shall have a lien on the amount of . . . benefits recovered by the employee," RSA 281-A:13, I(b), under "a contractual obligation to pay benefits under the uninsured motorist provision of any motor vehicle insurance policy." RSA 281-A:13, I(a)(2). We have already held that this provision expressly grants to the workers' compensation carrier exactly what it purports to grant; namely, a statutory lien on the employee's uninsured motorist recovery. *Carter v. Liberty Mut. Fire Ins. Co.*, 135 N.H. 406, 409, 605 A.2d 221, 222 (1992). As we noted in *Carter*, the statute upholds the principle that "'the injured work[er] should not be allowed to keep the entire amount of both his [or her] compensation award and his [or her] common law recovery which would amount to a double recovery.'" *Id.* (quoting *Bilodeau*, 116 N.H. at 87, 352 A.2d at 744). Furthermore, the statute ensures that the right to assert a workers' compensation lien depends not upon the adequacy of the tortfeasor's insurance coverage, but upon the actual liability of the third party tortfeasor, which is the underlying predicate for the assertion of a workers' compensation lien. *See Bilodeau*, 116 N.H. at 87, 352 A.2d at 744. Recognizing a carrier's right to assert a workers' compensation lien on an employee's uninsured motorist benefits thus avoids rewarding employees for the "fortuity" of experiencing a collision with an uninsured tortfeasor. *See generally Harris v. New Castle County*, 513 A.2d 1307, 1309 (Del. 1986); *Midland Ins. Co. v. Colatrella*, 102 N.J. 612, 616–18, 510 A.2d 30, 32–33 (1986).

Rooney correctly notes that a majority of jurisdictions disfavor workers' compensation liens on uninsured motorist benefits, allowing employees to retain both workers' compensation and uninsured motorist benefits. *See* 2A A. LARSON, THE LAW OF WORKMEN'S

COMPENSATION § 71.23(a), at 14-28 to 14-33 (1993). We do not find such case law persuasive, as most of the relevant decisions from these jurisdictions are premised upon statutes that, unlike RSA 281-A:13, I, do not expressly provide for workers' compensation liens on uninsured motorist benefits. *See, e.g., March v. Pekin Ins. Co.*, 465 N.W.2d 852 (Iowa 1991); *Berna-Mork v. Jones*, 165 Wis. 2d 661, 478 N.W.2d 301 (Ct. App. 1991).

Furthermore, Rooney's reliance on our decision in *Merchants Mutual Insurance Group v. Orthopedic Professional Association*, 124 N.H. 648, 480 A.2d 840 (1984), does not compel a different result. *Merchants Mutual* was decided prior to the 1985 amendment to the workers' compensation statute (currently codified at RSA 281-A:13, I (Supp. 1993)) that expressly provides for a carrier's right to assert a lien against uninsured motorist benefits. *See Merchants Mutual*, 124 N.H. at 657–59, 480 A.2d at 845–46 (analyzing the parties' rights under the statutory lien found in RSA 281:14 (Supp. 1983)). In light of the fact that *Merchants Mutual* was predicated on the interpretation of a statute that did not directly address the validity of a workers' compensation lien on uninsured motorist benefits, and because the legislature has now expressly provided for such a lien, *see* RSA 281-A:13, I, *Merchants Mutual* cannot be relied upon as authority for denying a workers' compensation carrier the statutory right to assert a lien against an employee's uninsured motorist benefits.

■  Rooney next argues that RSA 281-A:13, I, unconstitutionally discriminates against the class of persons who purchase uninsured or underinsured motorist policy protection by unreasonably and arbitrarily interfering with their right to recover for personal injuries. Under our interpretation of the equal protection provisions of the New Hampshire Constitution, N.H. CONST. pt. I, arts. 2, 12, a statute whose classifications interfere with a person's right to recover for personal injuries must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation. *Brannigan v. Usitalo*, 134 N.H. 50, 55, 587 A.2d 1232, 1234 (1991); *Carson v. Maurer*, 120 N.H. 925, 932, 424 A.2d 825, 831 (1980). In such cases, the legislative objective is presumed to be proper, *Carson*, 120 N.H. at 933, 424 A.2d at 831, leaving two questions before the court: (1) whether the statute has a fair and substantial relation to the legitimate legislative objective; and (2) whether it imposes unreasonable restrictions on private rights. *Id.* at 933, 424 A.2d at 832.

Rooney concedes that the object of the legislation is to place the ultimate loss for a wrongdoing upon the wrongdoer and to prevent a

double recovery. Regarding the first prong of the *Carson* test, however, Rooney cites *Merchants Mutual* for the proposition that an employee who receives both uninsured motorist proceeds and workers' compensation benefits has not received a double recovery. *Merchants Mutual*, 124 N.H. at 658–59, 480 A.2d at 846. Thus, according to Rooney, granting the workers' compensation carrier a lien on the uninsured motorist proceeds cannot be said to have a fair and substantial relation to the object of the legislation because *Merchants Mutual* has rendered that object, the prevention of a double recovery, unattainable in this case. We disagree.

*Merchants Mutual* held that an uninsured motorist carrier cannot reduce the amount of its coverage by the amount of workers' compensation received by the insured. *Id.* at 655, 480 A.2d at 844. We underscored the uninsured motorist carrier's irrevocable obligation to pay by noting that it had *"contracted to pay* the insured for injuries occasioned by an uninsured motorist. Under these circumstances, . . . there is no double recovery." *Id.* at 658, 480 A.2d at 846 (emphasis in original). The legislature, apparently in response to *Merchants Mutual*, amended the workers' compensation statute, codifying the carrier's right to assert a lien against uninsured motorist benefits. *See* RSA 281-A:13, I. Although the amended statute does not expressly connect this type of lien with the objective of avoiding a double recovery, we upheld this lien in *Carter* based on the principle that to hold otherwise would result in the employee receiving two awards for the same injury, which would amount to a double recovery. *Carter*, 135 N.H. at 409, 605 A.2d at 222; *see also Bilodeau*, 116 N.H. at 87, 352 A.2d at 744.

■ We now hold that when an employee receives uninsured motorist benefits including "compensation, medical, hospital, or other remedial care already paid or agreed or awarded to be paid . . . under [the Workers' Compensation Law]," RSA 281-A:13, I(b), such a recovery is a double recovery. Thus, we reaffirm our decision in *Carter*, and resolve any inconsistencies between *Carter* and *Merchants Mutual* in favor of *Carter*. Consequently, RSA 281-A:13, I, granting a workers' compensation lien on uninsured motorist benefits, does have a fair and substantial relation to the legitimate legislative objective of preventing double recovery.

■ Regarding the second prong of the *Carson* test, Rooney argues that RSA 281-A:13, I, imposes unreasonable restrictions on his private contractual right to recover for his injuries from the uninsured motorist carrier. Rooney claims that to have the proceeds from

this private contract flow to the workers' compensation carrier would amount to a windfall for Fireman's Fund, subsidized by his uninsured motorist premiums. We are not persuaded by this argument. Applied as written, the current statute preserves an employee's right to pursue a claim against the uninsured motorist carrier, and to keep from the award anything not covered by the workers' compensation lien. We hold, therefore, that Rooney's contract rights are not unreasonably restricted by the statutory workers' compensation lien on his uninsured motorist benefits.

Rooney finally argues that the statutory workers' compensation lien violates the due process protection of the New Hampshire Constitution. N.H. CONST. pt. I, art. 14. According to Rooney, the statute deprives him, a personal injury victim, of a remedy, *i.e.*, the recovery of the proceeds of·a private uninsured motorist contract, without correspondingly providing him with an adequate substitute remedy within the general workers' compensation scheme.

We have held that there need not be a specific "give and take," or *quid pro quo*, each time a workers' compensation statute is amended. *Young v. Prevue Products, Inc.*, 130 N.H. 84, 88, 534 A.2d 714, 717 (1987). Instead, we

> "consider the totality of benefits, not just those benefits received at the time the right was statutorily abridged, when evaluating whether the relinquishment of the right to a remedy has been adequately offset by workers' compensation benefits. Our inquiry is driven by analysis of the fairness of the compensation scheme as a whole."

*Thompson v. Forest*, 136 N.H. 215, 218–19, 614 A.2d 1064, 1067 (1992), *overruling Estabrook v. American Hoist & Derrick, Inc.*, 127 N.H. 162, 498 A.2d 741 (1985).

Fireman's Fund argues that the *Merchants Mutual* decision upset the general balance of the then-applicable statute, RSA 281:14 (Supp. 1983), by permitting the employee to enjoy a double recovery when the tortfeasor lacked adequate insurance, and by restricting the exercise of the workers' compensation lien to cases in which the tortfeasor, or the tortfeasor's insurance carrier, actually paid on the employee's injury claim. *Merchants Mutual*, 124 N.H. at 657–59, 480 A.2d at 845–46. According to Fireman's Fund, the present statute, RSA 281-A:13, I, restores balance and fairness to the compensation scheme as a whole by refocusing the inquiry upon the actions of the third-party tortfeasor and the actual damages suffered by the employee, rather than upon the ability of the tortfeasor to pay or the adequacy of the tortfeasor's insurance coverage.

■ We are persuaded by Fireman's Fund's arguments. The present statute, RSA 281-A:13, I, ensures that the employee is not entitled to a double recovery and also ensures that the workers' compensation carrier is entitled to a lien on damages or benefits received by the employee based upon the negligence of a third-party tortfeasor. Although Rooney has paid a premium to protect against losses caused by drivers with inadequate insurance, he cannot fairly complain as long as he is fully compensated for his losses. Here, the assertion of a workers' compensation lien on Rooney's uninsured motorist benefits leaves Rooney fully compensated for his losses, prevents a double recovery, and maintains the general balance of the workers' compensation scheme. Thus, the statutory workers' compensation lien does not violate the due process protection of the New Hampshire Constitution.

*Affirmed.*

All concurred.