Grafton
No. 95-835

## RODERICK C. AND KATHLEEN HULL

v.

## TOWN OF PLYMOUTH & a.

March 2, 1999

*Nixon, Raiche, Manning & Casinghino, P.A.*, of Manchester (*Leslie C. Nixon* on the brief and orally), for the plaintiffs.

*Gallagher, Callahan & Gartrell, P.A.*, of Concord (*David A. Garfunkel* and *Brian C. Goudas* on the brief, and *Mr. Garfunkel* orally), for the defendants.

HORTON, J. The defendants, the Town of Plymouth (town), New Hampshire Municipal Association Property-Liability Insurance Trust, Inc. (NHMA-PLIT), and Underwriters at Lloyd's, London (Lloyd's), appeal an order of the Superior Court (*Smith*, J.) granting summary judgment for the plaintiffs, Roderick C. and Kathleen Hull, and denying summary judgment for the defendants. We affirm.

The facts before the trial court were as follows. Roderick Hull sustained injuries in an automobile accident while working as a police officer for the town. He received workers' compensation

benefits from the town and the maximum amount of liability coverage carried by the other driver involved in the accident. Because such amounts did not fully compensate him for his injuries, he brought this declaratory judgment action to determine his entitlement to compensation under the uninsured/underinsured motorist provision of the town's liability policy.

NHMA-PLIT, a pooled risk management program authorized by RSA chapter 5-B (1988 & Supp. 1998), insures the town for up to $500,000 in uninsured/underinsured motorist claims. Lloyd's insures the town for such claims in excess of those covered by NHMA-PLIT. The defendants objected to the plaintiffs' motion for summary judgment and filed a cross-motion, asserting that the plaintiffs were barred by the Workers' Compensation Law, RSA ch. 281-A (Supp. 1998), from receiving uninsured/underinsured motorist benefits from the town or its insurers. The trial court held that the plaintiffs were not barred from seeking such coverage. This appeal followed.

When reviewing a grant of summary judgment, we look at the evidence, and all inferences that properly may be drawn therefrom. *Cf. N.E. Tel. & Tel. Co. v. City of Franklin*, 141 N.H. 449, 452, 685 A.2d 913, 916 (1996). We will affirm the grant of summary judgment if we find that there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *See id.*

The trial court's decision was based primarily on its interpretation of "insurance carrier" as used in RSA 281-A:8, which provides, in part:

> I. An employee of an employer subject to this chapter shall be conclusively presumed to have accepted the provisions of this chapter and, on behalf of the employee or the employee's personal or legal representatives, to have waived all rights of action whether at common law or by statute or provided under the laws of any other state or otherwise:
>
> (a) Against the employer or the employer's insurance carrier or an association or group providing self-insurance to a number of employers . . . .

As defined in the statute, the term "insurance carrier" "shall include any corporation licensed to sell insurance in this state from which an employer has obtained a workers' compensation insurance policy in accordance with the provisions of this chapter." RSA 281-A:2, XII. The trial court found that under the plain meaning of the statute, the insurer against which RSA 281-A:8 bars a cause of

action is the employer's workers' compensation insurer, not its automobile insurer. The court therefore held that the plaintiffs' claims against the defendants for uninsured/underinsured motorist coverage were not barred.

The defendants argue that by using the words "shall include" in the definition of insurance carrier, the legislature did not exclude other kinds of insurers. They contend that "the plain, common sense meaning of 'insurance carrier' is simply any entity providing insurance to the employer."

We interpret statutes according to the plain meaning of the words the legislature used. *See South Down Recreation Assoc. v. Moran*, 141 N.H. 484, 487, 686 A.2d 314, 316 (1996). We focus "not on isolated words or phrases," but "on the statute as a whole." *Id.* (quotations omitted). "Our goal is to apply statutes in light of the legislature's intent in enacting them, and in light of the policy sought to be advanced by the entire statutory scheme." *Id.* (quotation omitted).

██ In a statutory definition, the word "include" is not generally considered a term of limitation. *See* 2A N. SINGER, SUTHERLAND STATUTORY CONSTRUCTION § 47.07, at 152 (5th ed. 1992). The term "insurance carrier," however, is used fairly consistently throughout the Workers' Compensation Law to refer specifically to an insurer providing workers' compensation insurance to an employer. *See, e.g.*, RSA 281-A:23, :28, :31. *But see* RSA 281-A:23, V (using terms "insurer" and "insurance company"), :25 (using term "insurance company"). The use of the term "insurance carrier" in the statute as a whole provides no indication that it was intended to apply to carriers of other types of insurance except, perhaps, when those insurers are required by the statute to also provide compensation coverage as part of their policies. *See* RSA 281-A:6. Thus, a plain reading of the statute supports the plaintiffs' interpretation.

Even though we hold that the statute is clear on its face, the defendants contend that this interpretation is contrary to the legislative history behind RSA 281-A:8. In 1961, the legislature explicitly granted the employer's insurance carrier immunity by amending the statutory predecessor to RSA 281-A:8. *See Thone v. Liberty Mutual Ins. Co.*, 130 N.H. 702, 706, 549 A.2d 778, 781 (1988) (discussing amendment of RSA 281:12 (repealed 1988)); Laws 1988, 194:1, I (noting that "RSA 281-A is a reenactment of the substance of RSA 281"). The Senate Journal states that the amendment "[c]larifies the original intent of the law to provide, that for the purposes of employer liability, the employer and the employer's insurance carrier are one and the same." N.H.S. JOURNAL 636-37

(1961). The 1961 amendment was a direct response to our decision in *Smith v. American Employers' Insurance Co.*, 102 N.H. 530, 163 A.2d 564 (1960), that an employee could bring a claim against the employer's workers' compensation carrier for negligent inspection. *See Thone*, 130 N.H. at 706, 549 A.2d at 781. We revisited the question of the carrier's independent tort liability in *Thone*, where the plaintiffs claimed that the workers' compensation insurer failed to properly inspect the workplace, and thus caused an explosion that killed several employees. We held in *Thone* that RSA 281-A:8 was a permissible bar to the negligence action brought against the employer's workers' compensation carrier. *See id.* at 706-07, 549 A.2d at 781.

The legislative history suggests that the amendment to RSA 281-A:8 was intended to protect the workers' compensation carrier from independent tort liability for employees' work-related injuries. The foregoing does not persuade us that RSA 281-A:8 indiscriminately immunizes the employer's various other insurance carriers from employee claims and actions. Thus, for instance, while the employer's immunity normally insulates its third party liability carriers from coverage obligations to injured workers, *cf. Hughes v. Chitty*, 283 F. Supp. 734, 739 (E.D. La. 1968), *aff'd*, 415 F.2d 1150 (5th Cir. 1969), such carriers may be held liable for work-related injuries caused by their independent torts, *see Sims v. American Casualty Company*, 206 S.E.2d 121, 130-31 (Ga. Ct. App.), *aff'd*, 209 S.E.2d 61 (Ga. 1974).

■ The defendants next argue that "the question of insurance carrier immunity under the Workers' Compensation [Law] should turn upon a *quid pro quo* analysis, not upon the subject matter of the insurance provided." Such analysis, however, does not support the defendants' position. The workers' compensation scheme is based on a "fundamental *quid pro quo*," *Thompson v. Forest*, 136 N.H. 215, 219, 614 A.2d 1064, 1067 (1992), which is "the *tort immunity* conferred on the employer . . . [in exchange] for providing no-fault workers' compensation benefits." *Id.* at 218, 614 A.2d at 1066 (emphasis added) (quotation omitted). At issue here, however, is not tort liability, but the uninsured/underinsured motorist carrier's contractual liability.

> [T]he uninsured motorist carrier does not insure the tortfeasor against liability, but insures the employee against the risk of inadequate compensation if he is injured in an accident with an uninsured motorist. The obligation of the uninsured motorist carrier arises out of contract,

although that obligation is precipitated by a third-party's tortious act.

*Merchants Mut. Ins. Group v. Orthopedic Prof. Ass'n*, 124 N.H. 648, 657-58, 480 A.2d 840, 845 (1984). The employer's tort immunity is left wholly intact by the employee's recovery of uninsured/underinsured motorist benefits, and the possibility of double recovery is offset by the availability of a workers' compensation lien. *See* RSA 281-A:13, I(b); *Rooney v. Fireman's Fund Ins. Co.*, 138 N.H. 637, 641, 645 A.2d 52, 54-55 (1994). Thus, allowing an employee to collect benefits from the employer's uninsured/underinsured motorist insurer does not upset the fundamental *quid pro quo* upon which the Workers' Compensation Law is based.

Finally, the defendants urge us to follow a number of cases from other jurisdictions holding that their workers' compensation statutes bar an employee from obtaining uninsured/underinsured motorist benefits from the employer's insurer. We decline to do so.

*Affirmed.*

JOHNSON and THAYER, JJ., sat but did not participate in the decision; the others concurred.