Grafton
No. 2004-509

IN THE MATTER OF BARBARA M. GIACOMINI AND
PATRICK A. GIACOMINI

Argued: January 19, 2005
Opinion Issued: March 2, 2005

*Decato Law Office*, of Lebanon (*R. Peter Decato* on the brief and orally), for the petitioner.

*Wiggin & Nourie, P.A.*, of Manchester (*Doreen F. Connor* on the brief and orally), for the respondent.

GALWAY, J. The petitioner, Barbara M. Giacomini, appeals an order of the Superior Court (*Houran*, J.) denying interest on child support arrearages from the time each child support payment became due. We reverse and remand.

A thorough history of this divorce case can be found in *In the Matter of Giacomini & Giacomini*, 150 N.H. 498 (2004). Relevant to this appeal, the pertinent facts follow. The petitioner and the respondent, Patrick A. Giacomini, received a final decree of divorce in September 1988. Post-divorce proceedings were commenced in 2000, resulting in a judgment being entered against the respondent for unpaid child support. The petitioner appealed, arguing that the trial court erred by failing to award interest on her judgment for back child support. The respondent cross-appealed, arguing, among other things, that the trial court incorrectly calculated his child support arrearages. We determined that the trial court utilized the wrong date in modifying the respondent's child support obligations, and accordingly vacated the judgment and remanded the matter to the trial court. *In the Matter of Giacomini & Giacomini*, 150 N.H. at 504.

On remand, the trial court found the respondent to be in arrears on his child support through the date of the final hearing in the amount of $204,596, and established a payment schedule allowing the respondent to pay the arrearage over seven years. The court further denied the petitioner's request that interest be added to the child support arrearages from the time each child support payment became due. This appeal followed.

The sole issue on appeal is whether the trial court erred in denying interest on the judgment against the respondent for his child support arrearages. We hold that it did.

In denying the petitioner's request for interest, the trial court reasoned that RSA 336:1, II establishes a statutory rate of judgment interest, and that "[a]t no time ... has the Legislature added a provision providing the obligee with the right to collect interest on child support arrearages from the time the payment was due." We review the trial court's statutory interpretation *de novo. Blackthorne Group v. Pines of Newmarket*, 150 N.H. 804, 806 (2004).

We are the final arbiters of the legislature's intent as expressed in the words of the statute considered as a whole. *Id.* We first examine the language of the statute, and, where possible, ascribe the plain and ordinary meanings to the words used. *Id.* When a statute's language is plain and unambiguous, we need not look beyond it for further indication of

legislative intent, and we refuse to consider what the legislature might have said or add language that the legislature did not see fit to incorporate in the statute. *Id.*

We previously dealt with the issue of interest on child support arrearages in *Griffin v. Avery*, 120 N.H. 783 (1980). In *Griffin*, the plaintiff brought an action in superior court to recover the unpaid installments of child support from the defendant. *Griffin*, 120 N.H. at 785. We held that each installment of child support did not become a judgment when it fell due, because child support arrearages were not "judgments" within the meaning of RSA 508:5. *Id.* at 786. Accordingly, we found that the plaintiff was not automatically entitled to interest on arrearages. *Id.*

In 1988, the legislature enacted the child support guidelines set forth in RSA 458:17. *See* RSA 458:17 (2004). RSA 458:17, VII states: "All support payments ordered or administered by the court under this chapter shall be deemed judgments when due and payable. Such judgments shall be given full faith and credit by all jurisdictions of this state." RSA 458:17, VII (2004). RSA 336:1, II states: "The annual simple rate of interest on judgments . . . shall be a rate determined by the state treasurer . . . ." RSA 336:1, II (Supp. 2004). The plain language of these two statutes, when read together, provides that child support payments that are due and payable are judgments, and as such, accrue interest.

We disagree, therefore, with the respondent's contention that New Hampshire law does not give a child support obligee the right to collect judgment interest on child support arrearages. The respondent argues that we have held that a lienholder in a workers' compensation claim is not entitled to interest because the statute does not provide for it. He argues, accordingly, that there should be no interest entitlement here, because the statute does not provide for it. *See Lakin v. Daniel Marr & Son Co.*, 126 N.H. 730, 732-33 (1985). This analysis fails, however, because a lien is not a judgment; rather, a lien is a legal right or interest that a creditor has in another's property, usually lasting until a debt or duty that it secures is satisfied. BLACK'S LAW DICTIONARY 933 (7th ed. 1999).

Likewise, the respondent's reliance on *In the Matter of Nyhan and Nyhan*, 147 N.H. 768 (2002), is misplaced. In *Nyhan*, we held that statutory interest is not applicable in the context of a division of marital property, and stated, in pertinent part: "This is wholly different from a post-judgment award of interest to a prevailing party in a civil proceeding, which is statutorily imposed [interest] without regard to the equities of the particular circumstances." *Nyhan*, 147 N.H. at 772. Where *Nyhan* regards

a marital property division, and this case involves a judgment, the two are readily distinguishable.

The dissent states that because RSA 161-C:23 makes the collection of interest by the commissioner of the department of health and human services discretionary, we should similarly construe RSA 458:17, VII as making an award of interest discretionary, since both statutes deal with child support. *See* RSA 161-C:23 (2002); RSA 458:17, VII. RSA 161-C:23 states: "Interest at the rate specified in RSA 336:1 on any support debt due and owing to the department . . . may be collected by the commissioner . . . .[S]aid interest may be waived by the commissioner, if said waiver would facilitate collection of the debt." According to its plain language, the statute presumes that interest at a rate specified in the judgment statute will be paid on outstanding support payments. The statute simply allows the commissioner, who is a party, to waive that right, not the court.

The dissent also cites *Nault v. N & L Development Co.*, 146 N.H. 35, 36 (2001), for the proposition that an award of post-judgment interest should be discretionary. In *Nault*, the trial court ruled that it did not have the authority to award post-judgment interest. *Id.* On appeal the sole issue before this court was whether the plaintiff *could* be granted post-judgment interest, not whether the award of post-judgment interest was *mandatory*. *Id.* We answered the narrow question before us by holding that the trial court may award post-judgment interest. *Id.* at 37-39. In answering that narrow question, we noted that legislative history suggested that RSA 524:1-a, which provides for interest in any action on a debt or account stated or where liquidated damages are sought, and RSA 524:1-b, which provides for interest in other civil proceedings, were intended to provide the *same* protection to prevailing parties. *Id.* at 39. We have previously held that a plaintiff who prevails in an action covered by RSA 524:1-a is *entitled* to post-judgment interest. Thus *Nault* is not inconsistent with our holding in this case—its holding was simply limited to the narrow issue before it, while its analysis fully supports our conclusion that child support payments that are deemed judgments accrue post-judgment interest.

In addition to concluding that an award of interest here is grounded in statute, we also believe that this decision is sound in its policy implications. Contrary to the respondent's contention that there is a "punishment component" to "interest damages," an award of interest on a judgment already rendered respects first and foremost the time value of money. The time value of money is based upon the premise that its present value will increase over time due to inflation or market forces. *Cf. John A. Cookson Co. v. N.H. Ball Bearings*, 147 N.H. 352, 361-62 (2001). Where the

petitioner did not have access to the payments when they became due, she did not have the opportunity to use or invest the money that was adjudged to be hers.

By determining that child support payments are judgments, the legislature has expressly authorized the imposition of statutory interest on such judgments that are in arrears. To the extent that the trial court failed to apply RSA 336:1, II, it erred as a matter of law.

*Reversed and remanded.*

BRODERICK, C.J., and NADEAU and DALIANIS, JJ., concurred; DUGGAN, J., dissented.

DUGGAN, J., dissenting. The issue in this case is whether the legislature intended to require that interest be awarded on all child support arrearages from the time each child support payment is due. Because I believe that the legislature did not intend to require interest in these circumstances, I would hold that an award of interest on child support arrearages is within the sound discretion of the trial court.

Because this is a question of statutory analysis, we begin with the plain language of the statute. *Blackthorne Group v. Pines of Newmarket*, 150 N.H. 804, 806 (2004). We interpret statutes, however, in the context of the overall statutory scheme and not in isolation. *Id.* By doing so, we are better able to discern the legislature's intent and to interpret statutory language in light of the policy or purpose sought to be advanced by the statutory scheme. *Id.*

RSA 458:17, VII (2004) provides that child support orders "shall be deemed judgments" and, as such, "shall be given full faith and credit by all jurisdictions of this state." RSA 336:1, II (Supp. 2004) establishes the "annual simple rate of interest on judgments." Read together, these two statutes merely establish the rate of interest on a child support judgment, and do not, by their own weight, require interest in every case in which there is a child support arrearage.

While the majority's reading of the statutes is plausible, it is equally plausible that the intent of RSA 458:17, VII was to elevate child support payments to judgments so that, as judgments, they would be given full faith and credit by all courts in New Hampshire. Indeed, since this purpose is expressly stated in the second sentence of the statute, it may have been paramount. *See* RSA 458:17, VII. Thus, whether interest under RSA 336:1, II is mandatory cannot be resolved by the plain language of RSA 458:17, VII because the statute, on its face, is unclear.

When we have addressed statutory schemes that are unclear with respect to the award of interest, we have been consistently reluctant to find a legislative intent to require such an award. Three recent cases demonstrate this approach.

In *Nault v. N & L Development Co.*, 146 N.H. 35, 37 (2001), we construed two statutes that explicitly require interest on certain judgments. *See* RSA 524:1-a (1997) (interest in actions on debts or accounts stated or for liquidated damages); RSA 524:1-b (Supp. 2004) (interest on a verdict or finding of pecuniary damages).[1] In *Nault*, the issue was whether the plaintiff was entitled to post-judgment interest under RSA 524:1-b. *Nault*, 146 N.H. at 36. We noted that while RSA 524:1-a specifically provides for post-judgment interest, RSA 524:1-b is silent. *Id.* at 37. Relying upon the legislative history and the principle of statutory construction that statutes on the same subject matter should be construed as consistent with each other, we held that "courts *may* award post-judgment interest" under RSA 524:1-b. *Id.* at 39 (emphasis added).

Here, as in *Nault*, there is another statute on the same subject matter. *See* RSA 161-C:23 (2002). RSA 161-C:23 is part of the statutory scheme that governs cases where the department of health and human services is collecting child support as reimbursement for public assistance payments. *See* RSA ch. 161-C (2002 & Supp. 2004). With respect to interest in those cases, RSA 161-C:23 provides:

> Interest at the rate specified in RSA 336:1 on any support debt due and owing to the department ... may be collected by the commissioner. No provision of this chapter shall be construed to require the commissioner to maintain interest balance due accounts, and said interest may be waived by the commissioner, if said waiver would facilitate the collection of the debt.

Thus, when the legislature did address interest on child support payments, it expressly made interest discretionary. *See* RSA 161-C:23. Because RSA 458:17, VII is also part of the statutes governing child support and thus addresses the same subject matter as RSA 161-C:23, it should be construed similarly to make the award of interest discretionary.

Our reluctance to impose a rule of mandatory interest is also evidenced in *Lakin v. Daniel Marr & Son Co.*, 126 N.H. 730, 732-33 (1985). In *Lakin*, we held that a workers' compensation carrier was not entitled to interest

---

[1] The petitioner in this case did not rely upon either of these statutes in the trial court.

on a certain lien. *Id.* at 731. We reached this result because the statute in question made no express provision for interest on the lien and we did not find such provision "by reasonable implication." *Id.* at 732. We concluded that to engraft an interest requirement on to the statute would be inconsistent with the workers' compensation statute. *Id.* at 733. Moreover, the statute specifically provides for interest on some awards and contains "long, detailed and meticulous definitions of rights." *Id.* at 732 (quotation and ellipses omitted). We thus concluded that "[t]he legislature certainly knows how to deal with interest in this area, and we therefore cannot infer that it was through mere inadvertence that it failed to provide for … interest [on a lien]." *Id.* at 733.

Similarly, the legislature here has adopted a complex, comprehensive and detailed statutory scheme for the calculation of child support, *see* RSA ch. 458-C (2004), and specifically addressed interest on child support payments in RSA 161-C:23. There is no reasonable implication that the failure to address interest in RSA 458:17, VII was inadvertent and we "cannot read words into the statute which the legislature did not see fit to insert." *Lakin*, 126 N.H. at 732 (quotation and brackets omitted).

Finally, requiring the court to award interest in every case is also inconsistent with our holding in *In the Matter of Nyhan and Nyhan*, 147 N.H. 768, 771-72 (2002). In *Nyhan*, we held that the trial court erred in concluding that RSA 336:1 must be applied to award interest on a property settlement as part of a divorce decree. *Id.* Instead, we concluded that an award of interest may be proper in an appropriate case and that that determination was within the trial court's sound discretion to equitably distribute property consistent with the statutory requirements. *Id.* at 771 (noting that an award of interest as part of the marital property is "tied to the considered judgment of the equity court in arriving at a degree of parity called fairness" (quotation omitted)).

Similarly, our deferential standard of review of child support awards evidences the discretion afforded trial courts in awarding child support. *See Wheaton-Dunberger v. Dunberger*, 137 N.H. 504, 507 (1993). For example, when a trial court makes a finding that warrants a deviation from the child support guidelines, we will uphold the decision absent an unsustainable exercise of discretion. *See id.*; *cf. State v. Lambert*, 147 N.H. 295, 296 (2001) (explaining unsustainable exercise of discretion standard). Consistent with that discretion, a trial court should have authority to award interest in cases like this one where a significant arrearage has accrued over a long period of time, or to waive interest in a case where

only a small sum is slightly overdue or where waiving interest would facilitate the collection process.

Our reluctance to find that interest is required where the statute is silent is consistent with our recognition that this issue is primarily one for the legislature. *See Nault*, 146 N.H. at 37; *Lakin*, 126 N.H. at 732. Requiring that interest be awarded automatically to all overdue child support payments will affect a large number of cases and impose an onerous burden on the trial courts. Accordingly, I would adhere to our practice, as demonstrated by our previous decisions, of declining to impose a mandatory award of interest in the absence of clear legislative intent.