Hillsborough-northern judicial district
No. 2004-732

IN THE MATTER OF SUSAN L. FORCIER AND TODD S. MUELLER

Argued: June 15, 2005
Opinion Issued: July 19, 2005

*Divorce Law Group*, of Manchester (*Gregory D.H. Jones* on the brief and orally), for the petitioner.

*Craig, Wenners, Craig & Capuchino*, of Manchester (*Linda Capuchino* on the brief and orally), for the respondent.

GALWAY, J. The respondent, Susan L. Forcier, appeals an order by the Superior Court (*Barry*, J.) requiring the petitioner, Todd S. Mueller, to deduct $626 each month out of his total child support obligation and place

this amount into a college trust fund for the benefit of the parties' children. We vacate and remand.

The record supports the following facts. After the parties obtained a divorce in September 1991, the respondent was awarded primary physical custody and the petitioner received residual physical custody of the parties' two minor children, who are now fifteen and sixteen years old. In 2000, the Trial Court (*Barry*, J.) ordered petitioner to pay a portion of his monthly child support guideline obligation, *see* RSA ch. 458-C, into a college trust fund for the benefit of the parties' children. In June 2004, the petitioner requested a modification of his child support obligations, but asked that a portion of his payment continue to go into the college fund. The trial court ordered the petitioner to pay $626 each month to the college fund, and to pay child support to the respondent in an amount in accordance with the child support guidelines minus the monthly $626 contribution to the college fund. The trial court stated in the Uniform Support Order that the amount paid to the respondent was adjusted downward from the full guideline amount due to the "special circumstances" that the petitioner was to deposit $626 each month into the college trust fund.

On appeal, the respondent argues that the trial court erred by ordering that a portion of the child support payments be directed into the college fund. Specifically, the respondent argues that (1) the trial court failed to sufficiently justify why it deviated from the child support guidelines by depriving her of the full child support payment due, and (2) the trial court's requirement that the petitioner pay for post-secondary education violated RSA 458:17, XI-a (2004).

We first address the issue of whether the trial court erred by failing to sufficiently justify the deviation from the child support guidelines. Trial courts have broad discretion in reviewing and modifying child support orders. *In the Matter of Jerome & Jerome*, 150 N.H. 626, 628 (2004). Because trial courts are in the best position to determine the parties' respective needs and their respective abilities to meet them, we will overturn modification orders only if it clearly appears that the trial court engaged in an unsustainable exercise of discretion. *Id.*

New Hampshire's child support guidelines are codified in RSA chapter 458-C, and establish a uniform system to determine the amount of child support awards. *In the Matter of Plaisted & Plaisted*, 149 N.H. 522, 524 (2003). The guidelines "shall be applied in all child support cases," including orders modifying an existing support order. RSA 458-C:4, I (2004).

There is a rebuttable presumption that a child support award calculated under the guidelines is the correct amount of child support. RSA 458-C:4,

II (2004). The presumption may be overcome and the trial court may deviate from the guidelines when it is shown by a preponderance of the evidence that "the application of the guidelines would be unjust or inappropriate," RSA 458-C:4, II, IV, because of "special circumstances," RSA 458-C:5; *In the Matter of Barrett & Coyne*, 150 N.H. 520, 524 (2004).

■ Under RSA 458-C:5, I, the trial court may adjust the application of child support guidelines only with "written findings relative to the applicability" of certain special circumstances, such as the "economic consequences to either party of providing for the voluntary or court-ordered postsecondary educational expenses of a natural or adopted child," RSA 458-C:5, I(i) (2004). The trial court must, therefore, either apply the guidelines to determine the parties' respective support obligations or make a written finding as to why a special circumstance pursuant to RSA 458-C:5 justifies an adjustment from the child support guidelines to avoid an unjust or inappropriate result. RSA 458-C:4, II; *Giles v. Giles*, 136 N.H. 540, 545 (1992).

The respondent argues that the trial court erred by deviating from the guidelines without a sufficient finding as to why application of the guidelines in this case would be unjust or inappropriate due to special circumstances. We agree.

In the Uniform Support Order issued in August 2004, the trial court simply stated that an adjustment from the guidelines was warranted given the "special circumstances" that the "remainder of child support obligation will continue to go to the college trust fund for the children." While providing for college expenses may qualify as a special circumstance under RSA 458-C:5, I(i), the trial court was required to provide written findings relative to why this particular special circumstance justified an adjustment from the child support guidelines to avoid an unjust or inappropriate result. *See* RSA 458-C:5, I.

■ Here, the trial court provided no findings as to what "economic consequences," if any, the petitioner's payment of $626 each month into the college fund had on either party to support a determination that it would be "unjust or inappropriate" for the petitioner to pay the full child support guideline amount to the respondent. *See* RSA 458-C:5, I(i); *see also* RSA 458-C:4, II. In other words, the trial court's simple statement that the "remainder of child support obligation will continue to go to the college trust fund for the children" was not legally sufficient to explain what "economic consequences" result from this payment and why it is consequently appropriate and just to decrease the current child support payment to the respondent below the guideline amount, which is presumptively the appropriate amount needed to provide for the children.

Without such a finding to show why a departure from the guidelines is necessary in this case to avoid an unjust or inappropriate result, *see* RSA 458-C:4, the trial court's deviation from the guidelines constituted error. *See Giles*, 136 N.H. at 545.

Next, the respondent argues that the trial court violated RSA 458:17, XI-a, which took effect on February 2, 2004, by requiring the petitioner to deposit a portion of his child support payments into a college trust fund. Under RSA 458:17, XI-a, "[n]o child support order shall require a parent to contribute to an adult child's college expenses or other educational expenses beyond the completion of high school." We addressed in *Donovan* the issue of whether RSA 458:17, XI-a applies only prospectively. *In the Matter of Donovan & Donovan*, 152 N.H. 55, 61-63 (2005). In reviewing the statute's legislative history, we concluded that it did not make clear whether the statute was intended to apply to post-enactment modifications to decrees that were issued prior to the change in legislation. *Id.* at 62. We thereafter held that the statute must be applied prospectively only. *Id.* at 63.

■ To the extent that *Donovan* may not have clearly set forth our answer to the question of whether the statute was intended to apply to post-enactment modifications of orders that were issued prior to the change in legislation, we here affirm that we answer that question in the negative. In this case, the August 2004 order was a post-enactment modification to an order issued in 2000, prior to the change in legislation. Accordingly, RSA 458:17, XI-a does not here apply.

Finally, the petitioner argues that the respondent cannot raise the present issues on appeal because she did not file an answer to his petition for modification of child support. The petitioner failed to cite legal authority to support this argument and we are not aware of any. We find the petitioner's argument to be without merit.

*Vacated and remanded.*

BRODERICK, C.J., and NADEAU, DALIANIS and DUGGAN, JJ., concurred.