Strafford
No. 2007-190

IN THE MATTER OF VIRGINIA COLE AND ROGER L. FORD

Submitted: November 13, 2007
Opinion Issued: December 20, 2007

*The Coolidge Law Firm, PLLC,* of Dover (*Linda J. Mayrand* on the brief), for the petitioner.

*Mark S. Moeller, P.A.,* of Dover and *Robert G. Eaton* of Rye (*Mark S. Moeller* and *Robert G. Eaton* on the brief), for the respondent.

GALWAY, J. The petitioner-father, Roger L. Ford, appeals an order of the Superior Court (*Mohl,* J.) modifying his child support arrearage to include interest and enforcing a provision in the final divorce decree

ordering payments towards his children's post-secondary educational expenses. We affirm.

The record supports the following facts. The parties were divorced in June 1998. By 2003, the court found the father had accumulated a child support arrearage of over $45,000.00, but the court did not include statutory interest in its calculation. In 2006, the mother, Virginia Cole, moved to modify the father's child support arrearage to include statutory interest, to attach an inheritance that the father had received, and to enforce the provision in the parties' divorce decree that ordered both parties to contribute to the children's post-secondary educational expenses to the best of their abilities. The trial court granted the motion and this appeal followed.

The father contends that the trial court erred by: (1) including statutory interest for the period before he was served with the mother's motion to modify the arrearage; (2) applying *In the Matter of Giacomini & Giacomini*, 151 N.H. 775 (2005), retroactively; (3) enforcing the post-secondary education expense provision in light of *In the Matter of Donovan & Donovan*, 152 N.H. 55 (2005); and (4) enforcing the post-secondary education expense provision absent evidence that the father was able to pay.

On appeal, we will affirm the findings and rulings of the trial court unless they are unsupported by the evidence or legally erroneous. *In the Matter of Fowler and Fowler*, 145 N.H. 516, 519 (2000). We will set aside a modification order only if it clearly appears from the evidence, that the trial court's exercise of discretion was unsustainable. *In the Matter of Feddersen & Cannon*, 149 N.H. 194, 196 (2003).

The father argues that under RSA 458-C:7, II (2004), which prevents a child support modification from taking effect before the date of service, he could not be held responsible for interest on the arrearage that accrued prior to the date he was served with the mother's motion to modify, August 16, 2006, by which date he had paid off his entire arrearage.

RSA 458-C:7, II provides that "[a]ny child support modification shall not be effective prior to the date that notice of the petition for modification has been given to the respondent." RSA 458-C:7, II. The father's reliance upon this statute is misplaced because the modification at issue is not of child support; this is a modification of the child support arrearage to include statutory interest. In *Giacomini* we ruled that, based upon RSA 458:17, VII (2004)(current version at RSA 461-A:14, VIII (Supp. 2007)) and RSA 336:1, II (Supp. 2007), "child support payments that are due and payable are judgments, and as such, accrue interest." *Giacomini*, 151 N.H. at 777. Thus, interest is included as part of all child support orders because

it automatically accrues on child support payments when they become due and payable. *See id.* A person's court-ordered child support obligation includes statutory interest. In this case, when the trial court calculated the child support arrearage accumulated by the father, the court failed to include this interest in the amount owed. The mother did not move to alter the father's child support obligation, but rather to correct the amount the court determined that he owed under his current obligation to properly include the interest. Since this is not a child support modification, RSA 458-C:7, II does not apply.

■ The father next argues that the trial court erred in applying *Giacomini* retroactively. The father contends that *Giacomini* was decided in 2005, seven years after the mother received a judgment against the father for child support and since *Giacomini* involved substantive rights, it should not be applied retroactively.

The father's arguments are misplaced because they equate retroactive application of a judicial decision interpreting an existing statute with retroactive legislation. *See Harry C. Erb, Inc. v. Shell Construction Co.*, 213 A.2d 383, 383 (Pa. Super. Ct. 1965). *Giacomini* simply interpreted a statute that became effective in 1988. *See* RSA 458:17. Judicial construction of a statute becomes part of the legislation from the time of its enactment. *Harry C. Erb, Inc.*, 213 A.2d at 383. "By saying what the law is, the court says, in effect, what it should have always been." *Estate of Ireland v. Worcester Ins. Co.*, 149 N.H. 656, 658 (2003) (brackets and quotation omitted). Therefore, the *Giacomini* ruling interpreting RSA 458:17 applies from the date the statute became effective. *See Giacomini*, 151 N.H. at 777, 779.

*Giacomini* itself is illustrative. In that case, the parties divorced in 1988. *Id.* at 776. In 2000, post-divorce proceedings began, resulting in a judgment being entered against the respondent for unpaid child support. *Id.* The petitioner appealed the trial court's failure to include interest on the judgment from the time each child support payment became due. *Id.* Based upon our ruling that child support payments are judgments when they are due and payable, we held that the trial court should have included interest in the judgment against the respondent starting when the child support payments became due. *Id.* at 779.

The father next contends that the trial court erred in enforcing the provision of the parties' divorce decree that orders the parties to pay for their children's post-secondary educational expenses to the best of their abilities because the father did not agree to the provision. According to the father, the parties' divorce decree was issued under a default order when

he failed to attend the final hearing, and, thus, he did not stipulate to any of the provisions of that decree.

We find *Donovan* determinative. In that case, the parties were divorced in 2000 when the court approved their permanent stipulation, making the stipulation an order. *Donovan*, 152 N.H. at 56, 61. As part of the permanent stipulation, the parties agreed that each would contribute to the children's post-secondary educational expenses to the best of his or her ability. *Id.* at 61. In 2004, the respondent contended that the trial court could not enforce the trial court's order in light of a statute that took effect in 2004 that stated, "No child support order shall require a parent to contribute to an adult child's college expenses or other educational expenses beyond the completion of high school." *Id.* at 57, 61. We noted that, at the time of the divorce in 2000, "the trial court had 'broad discretionary powers' to order divorced parents to contribute to their children's college expenses . . . ." *Id.* at 61. We held that the 2004 statute did not apply retroactively to orders issued before the date the statute became effective and upheld the trial court's order. *Id.* at 63.

■ Our decision in *Donovan* did not turn upon whether there was an agreement between the parties, but whether there had been a court order issued before the statute's effective date. *See id.* at 61, 63. The father agrees that the default judgment ordering the parties to contribute to their children's post-secondary educational expenses was an order. Since the trial court's order predated the effective date of the statute, the trial court had broad discretionary powers to order this contribution. Because the 2004 statute does not apply retroactively, the trial court did not err by granting the mother's motion to enforce the post-secondary education expense provision.

The father further argues that the trial court erred in enforcing the post-secondary education expense provision because the record does not support a finding that he can afford to pay any of these expenses. However, the trial court did not purport to decide whether the father has the ability to pay; the court left the issue of the parties' respective obligations open for determination on motion by either party. Since the trial court did not address the father's ability to pay, we decline to do so now.

Since the father has failed to show that the trial court's exercise of discretion was unsustainable, we will not overturn the court's rulings.

*Affirmed.*

BRODERICK, C.J., and DALIANIS, DUGGAN and HICKS, JJ., concurred.