Hillsborough-southern judicial district
Nos. 2008-012
 2008-548

IN THE MATTER OF JANICE JOHNSON AND MARK JOHNSON

Argued: January 9, 2009
Opinion Issued: April 9, 2009

Janice Johnson, by brief and orally, *pro se.*

*Gottesman & Hollis, P.A.*, of Nashua (*Anna Barbara Hantz* on the briefs and orally), for Mark Johnson.

BRODERICK, C.J. In these two related, but not consolidated, cases, Mark Johnson (husband) and Janice Johnson (wife), respectively, appeal successive orders of the Superior Court (*Groff,* J.; *Love,* M.) that: (1) first denied the husband's petition to terminate child support; but (2) later terminated his child support obligation and dismissed the wife's cross-petition to modify child support. We affirm both orders.

I

The record supports the following. Janice and Mark Johnson are the parents of three daughters born in 1981, 1984 and 1989. The couple divorced in November 1993. The final decree of divorce "approved and incorporated" their permanent stipulation, including Paragraph 5.C ("SUPPORT"), which states in pertinent part:

> The [husband's] obligation for support of the parties' minor children shall continue until . . . the obtainment of age eighteen (18) or graduation from high school, whichever occurs later.

Paragraph 13.B ("PRIVATE SCHOOLS/POST SECONDARY EDUCATION EXPENSES") of the same stipulation provides, in pertinent part, as follows:

> Therefore, at such time as their children shall matriculate to an accredited college or university having as an objective the attaining of a degree from that institution, provided that the children have made their own reasonable efforts regarding contribution to expenses, both the [wife] and the [husband] shall contribute to the college education of their minor children, including both tuition and room and board, to the best of their ability at that time. The parties' obligation shall not exceed beyond the acquisition of a bachelor's degree and not be beyond the age of 24 which ever shall occur first. For the purpose of this Permanent Stipulation, college education expenses shall include but are not limited to college

start up expenses such as SAT fees, college application fees, travel expenses to visit college and other related costs and expenses as well as tuition, room, board, books, fees, reasonable allowances and reasonable travel to and from college to the student's principal residence. . . . The [husband] shall have a right to participate in the selection and financing of the child's post secondary education.

In February 1999, in response to the wife's petition requesting the court to determine the husband's specific contribution towards their oldest daughter's college expenses, the Trial Court (*Hampsey*, J.) ordered:

The [wife] is not requesting any specific assistance for college-related expenses. Rather, she is requesting the continuation of child support as long as a child is a full-time college student. Upon due consideration, I find the [wife's] request to be fair, appropriate and reasonable. Accordingly, the [husband] shall be required to pay child support for any child that is enrolled as a full-time college student so long as the child remains a full-time college student. On the other hand, the [husband] shall have no further obligation regarding assistance for the college-related expenses for any of the children.

The husband unsuccessfully moved for reconsideration and we declined his appeal.

In May 2001, the Trial Court (*Groff*, J.) approved the parties' proposed modification to their permanent stipulation. In the paragraph entitled "*Child Support*," the parties' stipulated as follows:

A. [The husband] shall pay to the [wife] the sum of $222.00 per week as child support beginning April 1, 2001 for the parties' children in accordance with the New Hampshire Child Support Guidelines. In accordance with the [February 1999 court order], the [husband] shall be required to pay child support for any child that is enrolled as a full-time college student so long as the child remains a full-time college student. Said child support payments will continue to be made through the wage assignment already in place payable through the Division. Arrearage payments will continue at the rate of $20.00 per week until said arrearage is paid in full.

B. Both parties[] agree not to seek a modification of child support [any] earlier than January 1, 2004.

In May 2007, the husband petitioned to terminate his child support obligation. The parties' oldest daughter had graduated from college, their

second daughter was in graduate school, and the youngest child was eighteen and soon to graduate from high school. In September 2007, after a hearing conducted on offers of proof, the Trial Court (*Groff*, J.; *Love*, M.) denied the husband's petition. Citing *In the Matter of Donovan & Donovan*, 152 N.H. 55 (2005), the court held that the child support order "was specifically intended to implement the [husband's] obligation to contribute towards college expenses" and that the "continuance of child support as the [husband's] contribution towards college involves a substantive right." (Emphasis omitted.) The husband's motion for reconsideration was denied, and he appealed.

In January 2008, while his appeal of the September 2007 order was pending, the husband petitioned to modify his college contribution. Pursuant to RSA 458-C:7 (Supp. 2008), the wife cross-petitioned to modify child support, citing an increase in the husband's income. During an evidentiary hearing on the petition and cross-petition, the wife argued that the only existing order was one for child support through the college years, and that the husband's petition was moot because it requested modification of a non-existent order. In June 2008, the trial court ordered the termination of the husband's child support obligation, as of April 1, 2008, fixed his college contribution for their youngest daughter's freshman year at what he had already paid through March 2008, and dismissed the wife's cross-petition. The court further ordered that the husband's future college contribution would be fifty percent of each future semester's expenses for the youngest daughter, not to exceed $3,000 per semester. The wife unsuccessfully moved for reconsideration, and appealed. We first turn to the husband's appeal.

II

"The court's powers in custody, maintenance, and education of children in divorce and separation cases are conferred entirely by statute. We afford broad discretion to the trial court in divorce matters, and will not disturb the trial court's rulings regarding child support absent an unsustainable exercise of discretion or an error of law." *In the Matter of Goulart & Goulart*, 158 N.H. 328, 334 (2009) (citation and quotations omitted). "The party challenging the court's order has the burden of showing that the order was improper and unfair." *In the Matter of Gilmore & Gilmore*, 148 N.H. 111, 112 (2002) (quotation omitted).

In his appeal of the trial court's September 2007 order denying his petition to terminate the previously-ordered child support, the husband argues that, "[p]ursuant to RSA 461-A:14, IV, a parent's child support obligation, including all educational obligations, 'terminates without further

legal action' when the child turns eighteen or graduates from high school, whichever is later." The current statutory language cited by the husband, however, does not apply in this case.

Prior to the October 1, 2005 effective date of RSA 461-A:14, IV (Supp. 2008), the duration of child support obligations was governed by RSA 458:35-c (2004) (repealed October 1, 2005; recodified as RSA 461-A:14, IV). The 1999 and 2001 trial court orders required the husband to pay child support for any of his daughters enrolled as full-time college students for so long as the child remained a full-time college student, and approved the parties' modification to their permanent stipulation that fixed child support at $222 per week. At the time of the 1999 and 2001 orders, however, RSA 458:35-c (1992) read, in pertinent part, as follows:

> *Unless the court or other body empowered by law to issue and modify support orders specifies differently,* the amount of a child support obligation stated in the order for support shall remain as stated in the order until all dependent children for whom support is provided in the order shall terminate their high school education or reach the age of 18 years, whichever is later . . . at which time the child support obligation terminates without further legal action.

(Emphasis added.) The underlined language was removed from the statute, effective May 19, 2004.

Consequently, pursuant to the governing statute at the time, both the 1999 and 2001 orders specified that the husband would be obligated to pay child support "for any child that is enrolled as a full-time college student so long as the child remains a full-time college student," and that amount was fixed at $222 per week as of April 2001. We have previously held that RSA 458:17, XI-a ("No child support order shall require a parent to contribute to an adult child's college expenses or other educational expenses beyond the completion of high school.") (effective February 2, 2004; repealed October 1, 2005; recodified as RSA 461-A:14, V), had prospective application only, and did not apply to post-enactment modifications of orders that were issued prior to the change in legislation. *See Donovan & Donovan*, 152 N.H. at 61-64; *In the Matter of Forcier & Mueller*, 152 N.H. 463, 466 (2005). For the identical reasons, it follows that the amendment to RSA 458:35-c, later recodified as RSA 461-A:14, IV, has prospective application only, and does not apply to post-enactment modifications of orders that were issued prior to the change in legislation. *See Donovan & Donovan*, 152 N.H. at 61-64 (new statute does not require vacating a pre-existing order that requires parents to contribute to their children's college education; statute applied prospectively in absence of clear indication of legislative intent for

retrospective application and where statute affects substantive right of post-divorce financial support). Therefore, RSA 461-A:14, IV does not operate to automatically terminate the husband's obligation to provide child support for his daughters when they turned eighteen or graduated from high school.

The husband's remaining arguments all relate to perceived errors on the part of the trial court in determining the amount and manner of payment of his "college contribution." Specifically, he contends that: (1) his college contribution is limited to sharing the costs of tuition, books, room, board, and other directly related fees; (2) he is not responsible for transportation, medical expenses, entertainment, personal expenses and clothing "as these constitute general support and maintenance which terminates when a child reaches the age of eighteen"; (3) his payments for college room and board must be paid either directly to the college or to the student; and (4) his payments for educational expenses are paid only during the months that his youngest daughter is attending college.

We find no merit in his arguments. The February 1999 order mandated that the husband continue to pay child support for so long as any child was enrolled as a full-time college student, as a substitute for a specific obligation to pay college-related expenses. The May 2001 court order approved the parties' proposed modification to their permanent stipulation, and fixed the amount of the husband's weekly child support payment. Although the trial court ordered child support to continue so long as the husband's youngest daughter remained a full-time college student, the order did not transform his child support payment into an exclusive college contribution payment, subject to a more limited definition as to what constitutes reasonable educational expenses and restrictions concerning their payment. *See Gilmore & Gilmore,* 148 N.H. at 114. Consequently, we affirm the September 2007 denial of the husband's petition to terminate child support.

## III

In her appeal of the trial court's June 2008 order granting the husband's petition to modify his college contribution and dismissing her cross-petition, the wife essentially contends that the trial court's actions constituted an unsustainable exercise of discretion. Specifically, she argues that the trial court erred because it modified a "non-existent" order (the 1993 divorce decree provision concerning college expenses) in derogation of statutes and case law. She further argues that the trial court erred in granting the husband's petition because it failed to allege sufficient facts to

warrant such a modification, and because the husband failed to show a substantial change in circumstances to warrant a termination of child support. We disagree.

At the outset, we note the following with regard to the trial court's June 2008 order and the parties' briefs. The order characterizes the husband's petition as one requesting that his "contribution towards college [be] determined by the terms of the parties' decree of divorce dated November 22, 1993." The petition itself, however, specifically requests that his college contribution be modified to comport with applicable state law. Thus, the trial court's characterization of the husband's petition as a "request to terminate child support and fix his obligation for college expenses in accordance with the terms of the divorce decree" appears to be unwarranted. Further, while the February 1999 order provided that the husband would pay child support, and the May 2001 order approved a specific modification to the permanent stipulation concerning child support, both the trial court and the husband characterized the payment, not as child support, but as the husband's college contribution. Finally, both parties contend that the trial court erred by essentially revoking the 1999 and 2001 orders and "reinstating" the portion of their 1993 divorce decree calling for them to "contribute to the college education of their minor children . . . to the best of their ability at that time."

We need not further parse the language of the parties' competing petitions and arguments, or their characterization by the trial court. Instead, we construe the husband's petition in accordance with the relief it requested; specifically, that the trial court reexamine his obligation to contribute toward his daughter's post-secondary education, and modify it to comport with our decision in *In the Matter of Jacobson & Tierney*, 150 N.H. 513 (2004).

In February 1999, in response to the wife's petition requesting a determination with regard to the husband's specific contribution towards their oldest daughter's college expenses, the trial court fixed the amount of child support. It further ordered the husband to pay that amount for any of his three daughters for so long as she was a full-time college student. Essentially, the trial court had conflated the college contribution with child support by ordering that the husband's contribution toward college expenses would be paid via the mechanism of child support. Such a conflation was not clearly in conflict with our decisions at that time.

In 2004, however, we made clear that child support and educational expenses are not synonymous and are not to be conflated. *Jacobson & Tierney*, 150 N.H. at 517. Given this change in the law, or at least clarification thereof, unforeseen by either the parties or the trial court in

1999, we believe the husband was entitled to petition the trial court in 2008 to modify his contribution to college expenses. *Cf. Snyder v. Clifton*, 139 N.H. 549, 551 (1995) (to obtain modification of parties' support obligations, petitioner has burden of "proving a substantial change in circumstances such that the continuance of the decree would have been improper and unfair").

In its 2008 order, the trial court granted the husband's request for a ruling of law that cited our decision in *Jacobson & Tierney*, and read, in pertinent part:

> The child support guidelines formula is an incorrect method of funding a parent's college contribution because the order directs child support . . . in an amount without regard to the actual costs of the educational expenses for college attendance [and] improperly conflates child support and college contribution.

Consequently, we disagree with the wife's argument that the husband's petition failed either to allege sufficient facts or to show a substantial change in circumstances to warrant the modification or termination of child support. Further, and contrary to the wife's contention, we see no evidence that the trial court's decision to terminate the husband's child support payments impermissibly relied upon the 2004 enactment of RSA 458:17, XI-a ("No child support order shall require a parent to contribute to an adult child's college expenses or other educational expenses beyond the completion of high school."). *See, e.g., In the Matter of Cole & Ford*, 156 N.H. 609, 612 (2007) (RSA 458:17, XI-a not applicable retroactively to divorce orders issued before statute's effective date).

In sum, we cannot say that the trial court's termination of the husband's child support obligation was an unsustainable exercise of discretion. Having terminated the husband's child support obligation, the trial court properly exercised its discretion to dismiss the wife's cross-petition to modify that same child support obligation.

As previously discussed, the trial court's discretionary authority in 1999 and 2001 to order that the husband's obligation to pay child support would continue beyond either his daughters' reaching the age of eighteen years or completing their secondary school education was grounded solely in the version of RSA 458:35-c then in effect. Consequently, and once the trial court terminated the husband's child support obligation, we believe it was also within its discretion to examine the situation anew, and to distinguish the husband's college contribution from the mechanism of child support payments.

Both parties contend that the trial court erred in "reinstating" that portion of their 1993 divorce decree calling for them to "contribute to the

college education of their minor children . . . to the best of their ability at that time." The husband further argues that once the trial court, in 1999, "replaced" the college contribution provision of the 1993 divorce decree with the child support obligation, the college contribution provision was no longer viable and the court was precluded from modifying it, pursuant to RSA 461-A:14, V (Supp. 2008). Although the wife has not made the latter statutory argument, we disagree with both the reinstatement and statutory preclusion arguments.

It is clear that the trial court intended the child support ordered in 1999 to satisfy the husband's obligation to contribute toward college expenses. Indeed, that portion of the order was entitled "COLLEGE EXPENSES — CHILD SUPPORT FOR CHILDREN IN COLLEGE." Moreover, while the 1999 order addressed the husband's obligation to contribute toward the college expenses, it did not amend the requirement in the divorce decree that the wife contribute toward the college education of their daughters. Further, the 2001 order modified only the child support provision of their 1993 permanent stipulation; it did not modify Paragraph 13.B ("PRIVATE SCHOOLS/POST SECONDARY EDUCATION EXPENSES") of the same stipulation.

█ Thus, under the facts of this case, we conclude that in substance, both parties remained obligated to contribute to college expenses in 2001, prior to the 2004 enactment of RSA 458:17, XI-a (recodified as RSA 461-A:14, V), and the trial court retained the authority to order contributions toward college expenses. *See Cole & Ford*, 156 N.H. at 612. In examining the situation anew in order to provide for an equitable college contribution from each party, the trial court took guidance from the divorce decree's original college contribution provision that the parties "shall contribute to the college education of their . . . children, including both tuition and room and board, to the best of their ability at that time." We are not persuaded that the court erred by doing so.

The trial court made its decision, including its findings of fact and rulings of law, based upon the testimony and exhibits presented at the hearing. Within this context, trial courts are in the best position to determine the parties' respective needs and their respective abilities to meet them. *See In the Matter of Jerome & Jerome*, 150 N.H. 626, 628 (2004). Having notified this court that she wished to proceed without preparation of the transcript, the wife has not provided an adequate record for this court to review her allegation that the trial court's decision was "contrary to the weight of the evidence presented." *See* SUP. CT. R. 15(3); *Bean v. Red Oak Prop. Mgmt.*,

151 N.H. 248, 250 (2004) ("[A]bsent a transcript of the hearing, we must assume that the evidence was sufficient to support the result reached by the trial court.").

We fail to see any unfair prejudice to the wife by the trial court's action, and she has consequently failed to meet her burden of showing that the trial court's decision was an unsustainable exercise of discretion. *See State v. Lambert*, 147 N.H. 295, 296 (2001). Accordingly, we affirm the June 2008 trial court order granting the husband's petition to modify his college contribution, terminating his child support obligation, and dismissing the wife's cross-petition to modify child support.

*Affirmed.*

DUGGAN and HICKS, JJ., concurred.