Hillsborough-northern judicial district
No. 2008-707

IN THE MATTER OF TIMOTHY SULLIVAN AND DOROTHY SULLIVAN

Argued: June 16, 2009
Opinion Issued: August 21, 2009

*Harvey & Mahoney, P.A.*, of Manchester (*J. Campbell Harvey* on the memorandum of law and orally), for the petitioner.

*Welts, White & Fontaine, P.C.*, of Nashua (*Michael J. Fontaine* and *Lisa A. Biron* on the brief, and *Mr. Fontaine* orally), for the respondent.

HICKS, J. The respondent, Dorothy Sullivan, challenges a recommendation of the Master (*DalPra*, M.) approved by the Superior Court (*Barry*, J.) denying her request to modify the child support obligations of the petitioner, Timothy Sullivan. We reverse in part, vacate in part and remand.

The record supports the following facts. The parties signed a Uniform Support Order approved by the trial court on August 16, 2004. The Uniform Support Order in part obligated the petitioner to pay thirty-three percent of any net bonuses in child support. The petitioner was not contractually entitled to any bonuses; his employer paid them voluntarily. In 2005 and 2006, the petitioner received bonuses based upon his prior year's performance, and he paid the required additional child support.

On June 16, 2006, the petitioner received a $90,000 loan from his employer. On March 15, 2007, the petitioner received net loan forgiveness of $29,603.02 from his employer. This credit appeared on his December 21, 2007 pay stub under total earnings (and directly underneath his "Regular Earnings Salary") as gross "Loan Income" of $43,954. It also appears under after-tax deductions as a net "Personal Loan" of $29,603.01. The Internal Revenue Service considers loan forgiveness to be taxable income. 26 U.S.C. § 61(a)(12) (2000). Also under total earnings and directly underneath the "Loan Income" line item is a listing entitled "Perf[ormance] Achievement Incentive." No monetary amount appears directly across from this entry. In comparison, a "Perf Achievement Incentive" line item also appears in the petitioner's pay stub for December 31, 2006, under total

earnings (and two entries above his "Regular Earnings Salary"), and his bonus for work performed in 2005 is displayed alongside.

In the note amortization schedule, the March 2007 loan forgiveness appears as a gross "06 Bonus" of $43,954, amounting to a net after-tax $29,603.02 loan payment. Furthermore, the note amortization schedule indicates a second payment of $65,405.94 on June 16, 2007, resulting in a zero balance on the loan. The schedule does not provide an explanation of that second payment, and, unlike the March payment, it does not appear on the petitioner's pay stub. Aside from the above-described transactions, the petitioner's employer did not purport to pay him a bonus in 2007 for his performance in 2006, and the petitioner paid the respondent no additional child support in 2007.

The respondent filed a petition to modify child support and motion for contempt on August 24, 2007. At the hearing on March 31, 2008, the petitioner acknowledged during offers of proof that he received the loan forgiveness documented in his December 2007 pay stub. However, he represented that this was the only loan forgiveness he had received or would receive; that he had not yet made any payments on the loan himself; and that, contrary to the note amortization schedule, he still had a balance outstanding on the loan. He also said he was unsure why his employer forgave a portion of the loan. When asked by the court whether the loan forgiveness was received in lieu of a bonus, the petitioner's attorney was similarly unsure, saying that the employer "elect[ed], for whatever reason, to show [the forgiveness] as a very different category of income."

The court ruled that the loan forgiveness was "a reduction in the Petitioner's financial obligations or expenses," and that it did not constitute "income" for the purposes of child support. According to the court's order, "[a]pproximately one-half of [the loan] has been repaid," and the "Loan Income" on the petitioner's December 2007 pay stub was "a forgiveness of the balance of the original $90,000 loan." The respondent filed a motion for reconsideration, which the court denied.

On appeal, the respondent argues: (1) that the trial court unsustainably exercised its discretion by not finding that the loan forgiveness was a bonus in disguise; (2) that loan forgiveness constitutes gross income for the purposes of child support as a matter of law; and (3) that the trial court unsustainably exercised its discretion by not finding that the loan forgiveness was a "special circumstance[]," RSA 458-C:5 (Supp. 2008), necessitating an increased child support payment. The respondent contends that the petitioner's employer forgave the entire $90,000 loan in 2007.

The court issued the order giving rise to this appeal in response to, in relevant part, a motion to modify child support. "Trial courts have broad discretion in reviewing and modifying child support orders," and "we will

overturn modification orders only if it clearly appears that the trial court engaged in an unsustainable exercise of discretion." *In the Matter of Fulton & Fulton*, 154 N.H. 264, 269 (2006) (quotations omitted).

The respondent first argues that, because the petitioner's employer decided to grant the petitioner loan forgiveness in lieu of a bonus, the trial court unsustainably exercised its discretion in failing to treat the loan forgiveness as a bonus. We conclude that, regardless of the employer's intent, the transaction at issue constitutes a "bonus[]" as enumerated in RSA 458-C:2, IV (Supp. 2008).

We review questions of law *de novo. In the Matter of Giacomini & Giacomini*, 151 N.H. 775, 776 (2005). We interpret statutes based upon "the plain and ordinary meanings [of] the words used," and if "a statute's language is plain and unambiguous, we need not look beyond it for further indication of legislative intent." *Id.* at 776-77.

█ RSA 458-C:2, IV defines gross income for the purposes of child support as:

> all income from any source, whether earned or unearned, including, but not limited to, wages, salary, commissions, tips, annuities, social security benefits, trust income, lottery or gambling winnings, interest, dividends, investment income, net rental income, self-employment income, alimony, business profits, pensions, *bonuses*, and payments from other government programs . . . including, but not limited to, workers' compensation, veterans' benefits, unemployment benefits, and disability benefits . . . .

RSA 458-C:2, IV (emphasis added). In the employment context, "bonus" is defined as "money or an equivalent given in addition to the usual compensation." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 252 (unabridged ed. 2002). Here, the petitioner's employer gave the petitioner a loan, at least part of which was ultimately forgiven. The employer forgave this loan in addition to the petitioner's usual compensation. The only issue is thus whether loan forgiveness, in this context, is "an equivalent" of money. We conclude that it is.

█ We have previously held that employer-provided in-kind benefits such as housing and transportation are not an unenumerated source of income under RSA 458-C:2, IV. *In the Matter of Clark & Clark*, 154 N.H. 420, 423 (2006). This is a separate inquiry from whether an employer-provided benefit is a "bonus[]" as enumerated in the statute. However, even if we read *Clark* to hold that employer-provided housing and transportation do not constitute a "bonus[]" under RSA 458-C:2, IV, we would reach the same result.

In-kind benefits like an apartment or a vehicle are not "an equivalent" of money, as they are illiquid assets. However, when a loan is forgiven in part, the portion forgiven essentially becomes a cash payment. Unlike in-kind benefits, employees may use a forgiven loan as "an equivalent" of money; *i.e.*, in the same fashion as the employee could use a normal bonus. Even if the employee has spent the balance of the loan prior to receiving loan forgiveness, this would not alter the fundamental character of the transaction.

In the instant case, it is undisputed that the petitioner's employer loaned the petitioner $90,000, of which the employer forgave at least a portion. This undisputed loan forgiveness was "an equivalent" to money that the employer gave the petitioner "in addition to" the petitioner's "usual compensation." It thus constitutes a "bonus[]" under RSA 458-C:2, IV.

We note however that trial courts may, under RSA 458-C:5, consider "special circumstances" surrounding an employer-provided loan forgiveness for the purposes of adjusting the application of the child support guidelines. *See In the Matter of Carr & Edmunds*, 156 N.H. 498, 504 (2007) (concluding that "special circumstances" not enumerated by the statute are economic in nature).

Finally, the respondent argues that the petitioner's employer forgave the entire $90,000 loan. The exact amount of loan forgiveness the employer provided is a question for the fact finder, and we will not disturb its determination unless unsupported by evidence in the record. *Cf. In the Matter of Donovan & Donovan*, 152 N.H. 55, 58-59 (2005) (applying this standard to the question of whether a spouse was "voluntarily" underemployed). It is not clear from its order whether the trial court determined that the entire loan was forgiven, or merely a portion. Having held that the loan forgiveness is a "bonus[]" under RSA 458-C:2, IV, we vacate the trial court's findings as to the amount that was forgiven and remand for further proceedings consistent with this decision.

Given this holding, we need not address the respondent's remaining arguments.

*Reversed in part; vacated in part; and remanded.*

BRODERICK, C.J., and DALIANIS and DUGGAN, JJ., concurred.