9th Circuit – Goffstown Family Division
No. 2011-682

IN THE MATTER OF CHRISTIAN A. POULIN AND ROSE MARIE (POULIN) WALL

Argued: June 7, 2012
Opinion Issued: August 7, 2012

*Bossie & Wilson, PLLC,* of Manchester (*Jon N. Strasburger* on the brief and orally), for the appellant.

*Devine, Millimet & Branch, P.A.,* of Manchester (*David P. Eby* and *Heidi A. Ames* on the brief, and *Mr. Eby* orally), for the appellee.

HICKS, J. The appellant, Rose Marie Wall (Mother), appeals a ruling of the 9th Circuit — Goffstown Family Division (*DeVries,* J.) dismissing her petition requesting the court to find the appellee, Christian A. Poulin (Father), in contempt of a court order. We reverse and remand.

The record supports the following. The parties divorced in October 1996 and entered into a permanent stipulation, which was incorporated, by reference, into the divorce decree. The stipulation included the following provision, in which the parties agreed to contribute to their two children's college expenses:

> The parties agree to contribute to their children's college education to the extent each party is financially able. The actual contributions shall be determined when each child is near college age. A child, entering college, in the first instance, however, shall apply for financial aid or use her own savings for said expense. Both parties shall cooperate in completing any financial aid application.

Their younger daughter was accepted at Southern New Hampshire University. She received a scholarship, as well as a loan covering a portion of the cost for tuition and room and board for the 2011-2012 academic year. The Mother requested that the Father contribute 75% of the remaining costs. The Father responded by offering to pay some amount, but the parties could not agree on the amount and the Father has not yet contributed to the younger daughter's college expenses at all.

The Mother then filed a "Petition to Bring Forward and for Contempt," requesting the court to find the Father in contempt of the college expense

provision of the divorce decree, and apparently asking the court to enforce the provision from the parties' stipulation. The Father objected and moved to dismiss, arguing that the petition should be dismissed because "there is no Court order or decree that orders [the Father] to contribute a set percentage or specific dollar amount to" their younger daughter's college expenses. After a hearing on July 18, 2011, the trial court dismissed the Mother's petition because "[t]he provision at issue in the parties' divorce decree lacks specificity." In support of its ruling, the trial court cited *In the Matter of Scott & Pierce;* 160 N.H. 354 (2010). This appeal followed.

## I

 "The court's powers in custody, maintenance, and education of children in divorce and separation cases are conferred entirely by statute." *In the Matter of Johnson & Johnson,* 158 N.H. 555, 558 (2009) (quotation omitted). We afford broad discretion to the trial court in divorce matters, and will not disturb the trial court's rulings regarding child support absent an unsustainable exercise of discretion or an error of law. *Id.*

On appeal, the Mother argues that the trial court erred in ruling "that it did not have the authority to enforce the [college expense] provision in the parties' [divorce decree]" because the provision "clearly provide[s] that each parent [will] contribute to the children's college expenses to the extent each party is financially able after financial aid, scholarships and any children's savings are considered." The Father asserts that our decision in *Scott,* 160 N.H. at 365-66, set forth a bright line rule of law that "absent a set percentage or specific dollar amount, trial courts cannot issue new orders regarding college expenses."

## II

 At the time the parties divorced, the trial court had "'broad discretionary' powers to order divorced parents to contribute to their children's college expenses under RSA 458:17, I (Supp. 2003) and RSA 458:20 (1992)." *In the Matter of Donovan & Donovan,* 152 N.H. 55, 61 (2005). However, in 2004, the legislature amended RSA 458:17 to provide that "[n]o child support order shall require a parent to contribute to an adult child's college expenses or other educational expenses beyond the completion of high school." RSA 458:17, XI-a (2004) (recodified as RSA 461-A:14, V (Supp. 2011)); *see also Donovan,* 152 N.H. at 61. Shortly after the 2004 amendment was enacted, we decided that it does not apply retroactively and, therefore, "does not mandate the trial court to vacate [a] provision in [a pre-existing] divorce decree that requires [parents] to contribute to their children's college education." *Donovan,* 152 N.H. at 62-64. Since then, we have consistently reaffirmed that the amendment

does not apply retroactively. *See, e.g., Scott*, 160 N.H. at 365; *In the Matter of Cole & Ford*, 156 N.H. 609, 612 (2007); *In the Matter of Forcier & Mueller*, 152 N.H. 463, 466 (2005). We have also held that the amendment does not prohibit a court from modifying a pre-amendment order regarding college expenses. *Forcier*, 152 N.H. at 466.

Recently, we again addressed the effect of the 2004 amendment in *Scott*, 160 N.H. at 365-66. The parties in *Scott* divorced in Massachusetts in 1989. *Id.* at 356. The divorce decree expressly incorporated their separation agreement, in which "the parties agreed that their children should receive the best college education available to them and that they would meet in the future to discuss the financial responsibility each of them shall bear for their children's college expenses." *Id.* (quotation omitted). In 2003, a New Hampshire court ordered the father to contribute $3,000 per year to the college expenses of the parties' son. *Id.* at 357. The 2003 order "did not address whether [the father] had to contribute to [their daughter's] eventual college expenses, but required [the mother] to consult with him about [their daughter's] plans." *Id.*

In 2008, the father filed a petition to terminate his child support obligations while the mother requested that the father be ordered to pay for, among other things, certain college expenses for both the son and the daughter. *Id.* On appeal, we determined that the father was obligated to contribute to the son's college expenses because the 2003 order required him to do so. *Id.* at 365-66. As to the daughter's college expenses, however, we held that the father could not be required to contribute to such expenses because there was no court order requiring him to do so. *Id.* at 366. The original divorce decree only required that the parties "meet in the future to discuss the financial responsibility" that each would bear. *Id.* at 356 (quotation omitted). While the 2003 court order required the father to contribute $3,000 towards the son's college expenses, it did not require any contribution for the daughter's college expenses; instead, it merely required the mother to consult with the father about the daughter's college plans. *Id.* at 357.

Here, the trial court cited *Scott* for the proposition that "[t]he provision at issue in the parties' divorce decree [is unenforceable because it] lacks specificity." Similarly, the Father argues that *Scott* requires us to affirm on appeal because the parties' divorce decree merely requires them to "contribute to their children's college education to the extent each party is financially able," but does not set forth a specific dollar amount or percentage to be contributed by each party. The father specifically relies upon the following language from our conclusion in *Scott*: "Because there is no order requiring [the father] to pay a set percentage of or a specific dollar amount toward the daughter's college expenses predating the . . . 2004

change in the law, . . . the trial court had no jurisdiction to issue a new order for payment of these expenses." *Id.* at 366.

Under the Father's understanding, the dispositive factor in *Scott* was that there was no court order setting a "set percentage of or a specific dollar amount" toward college expenses. Contrary to the Father's arguments, however, *Scott* did not set forth a bright line rule requiring such an outcome. Rather, *Scott* merely clarified that the pre-2004 order must explicitly order the parties to contribute *some* amount of their children's college expenses, as distinguished from merely ordering the parties to discuss the *option* of contributing to such expenses in the future. While the order in *Scott* anticipated that in the future the parents would discuss their financial responsibility for college expenses, it left the decision of whether to so contribute to the parties in the future. Here, in contrast, the Mother and the Father were *ordered* to contribute, leaving only the specific amount to be determined at a later date. This is a material difference.

The Father emphasizes that in *Scott* we stated "the trial court [had] no jurisdiction to issue a *new* order for payment of these expenses." *Id.* at 366 (emphasis added). He argues that in this case, "[t]here are no pre-2004 orders to enforce," and the court cannot issue a new order. However, when the parties' stipulation was incorporated into the divorce decree, it became an order. *See Donovan,* 152 N.H. at 61; *Cole,* 156 N.H. at 612. While in *Scott,* the trial court *never ordered* the parties to contribute to the daughter's college expenses, *see Scott,* 160 N.H. at 356-57, the divorce decree in this case does order the parties to contribute to their children's college expenses — it specifically states that they will "contribute to their children's college education to the extent each party is financially able." Accordingly, an order in this case setting an amount would not constitute a "new" order for the payment of expenses, but would instead amount to either an order enforcing the divorce decree or a modification of the previous order, either of which is permissible. *See Cole,* 156 N.H. at 610-12 (upholding the trial court's order enforcing a pre-2004 order requiring parents to contribute to college expenses "to the best of their abilities" even though the pre-2004 order did not require a specific amount); *Forcier,* 152 N.H. at 466 (elaborating that the rule set forth in *Donovan* allows courts to modify pre-amendment orders after 2004).

Because the parties' divorce decree ordered them to contribute to their children's college expenses in a "specific proportion," *i.e.,* "to the extent each party is financially able" after deducting financial aid and the child's own savings, the trial court has authority to enforce it. Accordingly,

the trial court's ruling that it could not enforce the college expense provision in light of *Scott* constituted an error of law.

*Reversed and remanded.*

DALIANIS, C.J., and LYNN, J., concurred.